## M. A. HARN ET AL. V. G. N. PHELPS ET AL.

(Case No. 2209)

1. FINAL JUDGMENTS—CONCLUSIVE BETWEEN PARTIES—EQUITY—When, in the exercise of lawful power, a court has rendered a final judgment, it must be held conclusive between the parties thereto, except in a proceeding appellate in character,

unless some ground other than that it is probably unjust is shown, which, under the settled rules of law, is deemed sufficient to authorize a court of equity to re-examine the case. (Citing Johnson *v.* Templeton, 60 Tex. 238 ; and Morris *v.* McKee, 61 Tex. 413.)

2. SAME—SEPARATE PROCEEDINGS TO SET ASIDE—WHAT NECESSARY TO BE SHOWN—
To entitle one to a decree in a separate proceeding brought to set aside a judgment in a suit in which she was a party, rendered by a court having jurisdiction of the subject-matter and the parties, she must show that she was prevented from urging against the judgment of which she complains objections which would or ought to have prevented its rendition ; and that such prevention resulted from fraud, accident, or the acts of the adverse party, without any fault or negligence on her part. (Citing Goss *v.* McClaren, 17 Tex. 107 ; Plummer *v.* Power, 29 Tex. 7 ; Vardeman *v.* Edwards, 21 Tex. 737; Overton *v.* Blum, 50 Tex. 417, and other authorities.)

3. SUITS—POVERTY NO EXCUSE FOR NEGLECT TO PROSECUTE—The fact that a party is poor is no reason why he should not be held to the same rule of diligence in the prosecution of suits instituted by himself that is prescribed for other persons.

4. SUITS FOR PARTITION—FAILURE OF TITLE TO PROPERTY APPORTIONED TO PARTY—
NATURE OF HIS RELIEF—If the title to land set apart to one, in a suit between her and others for partition, fails by reason of facts existing at the time partition was made, she will, upon proper averment, be entitled to the same relief against those who received shares in the partition suit as though each of them had conveyed to her by deed, with general warranty of title, the land therein apportioned to her ; and she will also be entitled to recover from them any sum of money that she may have necessarily expended in removing from the land set apart to her encumbrances that existed at the time partition was made.

5. PARTITION—FAILURE OF TITLE TO PROPERTY APPORTIONED TO PARTY—PLEADING—
See this case for a petition held not to contain such allegations as would entitle the plaintiff to relief against defendants for failure of title to lands set apart to the former in a previous suit for partition between her and those defendants.

ERROR from Harris. Tried below before the Hon. James Masterson.

In 1882, M. A. Harn, joined by her husband W. T. D. Harn, who are plaintiffs in error herein, instituted suit in the district court of Harris county, against W. F. Duer, P. C. Duer, G. N. Phelps and his wife C. D. Phelps, for a one-seventh interest in the estate of Mary S. Duer and C. F. Duer, and for partition. The cause was tried May 2, 1884, and a judgment rendered, awarding to M. A. Harn a one-seventh interest in these estates, and to G. N. and C. D. Phelps the remaining six-sevenths, and ordering partition of the lands designated in the decree and described in plaintiffs' petition herein. That cause was numbered 10,981. The commissioners appointed in number 10,981 to partition the property, made their report May 12, 1884, and on the same day that report was made the final judgment of the court,

adjudging in severalty to plaintiff M. A. Harn, the one-seventh set over to her by the commissioners, and to defendants in error, G. N. Phelps and C. D. Phelps, the six-sevenths set over to them by the commissioners.

On September 9, 1885, plaintiffs in error filed this suit in the district, court of Harris county, against W. F. Duer, P. C. Duer, G. N. Phelps and C. D. Phelps, but, before hearing, dismissed as to W. F. Duer and P. C. Duer, they having no interest in the subject-matter of the suit. Plaintiffs' first amended petition set out substantially the proceedings in cause 10,981, and set out fully the judgment rendered therein by the court. It also set out the report of the commissioners for partition, and the court's confirmation of the report.

The petition alleged, that about one-third of the lands apportioned by the commissioners to M. Harn, had been sold for taxes, and was encumbered by tax titles by the sufferance of defendants, or had been sold under execution against P. C. Duer, long prior to the rendition of the judgment in cause No. 10,981, and that all of the lands of the estates of M. S. and C. F. Duer had been in the exclusive possession of the defendants in error up to the date of that judgment; and charged that prior to the judgment and partition in cause No. 10,981, the defendants well knew the incumbered condition of the lands apportioned to M. A. Harn, and fraudulently contrived, by the aid of one T. E. Conn, who was plaintiffs' attorney in the suit, to deceive the commissioners, and did induce them to set apart to her these incumbered lands, in fraud of her rights.

The petition further alleged that the amount of taxes for which the lands set apart to plaintiff had been sold amounted to $———, and that the plaintiffs knew nothing of the condition of these lands, and had no means of knowing it, until it was too late to redeem them. It also alleged that one hundred acres of the land ordered by the court, in cause No. 10,981, partitioned amongst the parties thereto, were never, in fact, partitioned by the commissioners; and that the value of the lands set apart to M. A. Harn by the commissioners in their report, and by the decree of the court confirming the same, was $2,556, whereas, the value of those set apart to the defendants was $28,773.

The petition further alleged, that, before and at the time the commissioners' report in cause No. 10,981, and the decree confirmatory thereof, were made, the plaintiffs were residents of McLennan county, and had directed T. E. Conn, their attorney in the cause, to object to any report of partition at that term of court, and by no means to consent, because the lands were so widely scattered, and were possibly in such condition that a safe and correct partition could not be made

in so short a time ; that the defendants well knew that plaintiffs had so instructed their attorney, yet they fraudulently practiced on him and induced and procured him to consent to the partition made, and to make no objection to the report when presented to the court for confirmation, all which plaintiffs' attorney, T. E. Conn, did in violation of their instructions and in betrayal of their rights.

The petition averred that plaintiffs were very impecunious, being unable to earn more than was necessary to support their family, which was large, and were possessed of no resources other than the interest involved ; and that, by reason of their poverty and the heavy expense necessary to acquire the information therein set out, plaintiffs had been unable to present their bills in court earlier, and, for the same reason, had been unable to present a showing for setting aside the decree confirming the commissioners' report at the term to which it was returned. The prayer of the petition was, that so much of the decree in cause No. 10,981 as confirmed the report be set aside, and a new partition ordered, and for any other relief which the court might feel warranted, from the facts, in giving.

The defendants demurred to the petition, on the grounds that it showed no equity, and was not supported by affidavit of the truth of the matters alleged. The plaintiffs declined to amend further than to swear to their petition. The court sustained the demurrer and dismissed the petition ; to which ruling plaintiffs excepted, and have brought the cause to this court by writ of error.

*D. H. Hardy*, for plaintiffs in error, on the questions discussed in the opinion, cited. Jewett *v.* Scott, 19 Tex. 569 ; Ross *v.* Armstrong, 25 Tex. Sup. 372 ; Patterson *v.* Lanning, 10 Watts 135 ; Sawyers *v.* Cator, 8 Hump. 256 ; Manning *v.* Horr, 18 Ia. 117 ; Boyd *v.* Doty, 8 Ind. 373 ; Guideci *v.* Boots, 42 Cal. 452 ; George's Appeal, 12 Penn. St. 260 ; Douglass *v.* Ville, 3 Sanf. Ch 439 ; Story's Eq. Jur., sec. 658 ; Freeman on Coten. and Part. 510 ; Ib., sec. 533, p. 643 ; Endicott *v.* Penny, 14 Sm. & M. 144 ; Cayce *v.* Powell, 20 Tex. 772 ; Wampler *v.* Wampler, 30 Gratt. 454 ; Hardy *v.* DeLeon, 5 Tex. 247 ; Holman *v.* Criswill, 15 Tex. 397 ; Overton *v.* Blum, 50 Tex. 423 ; Plummer *v.* Power, 29 Tex. 14 ; Johnson *v.* Templeton, 60 Tex. 238 ; Goss *v.* McClaren, 17 Tex. 107 ; Fisk *v.* Miller, 20 Tex. 578 ; Burnly *v.* Rice, 21 Tex. 180. Nevins *v.* McKee, 61 Tex. 412 ; Morris *v.* Edwards, 4 Tex. Law Rev., vol. 5, p. 240 ; Fletcher *v.* Warren, 18 Vt. 45 ; Floyd *v.* Jayne, 6 Johns., Ch. 479 ; Graham *v.* Stagg, 2 Paige, 321 ; Vilas *v.* Jones, 1 N. Y. 274 ; Vaughn *v.* Johnson, 1 Stockton 173 ; Meem *v.*

Rucker, 10 Gratt. 506; Belamy v. Woodson, 4 Ga. 175; Conway v. Ellison, 14 Ark. 360 ; Thompson v. Meek, 3 Sneed 271 ; Smith v. Allen, 63 Ill. 474; Rupertsbergur v. Clark, 53 Md. 402 ; Buchanan v. Sterling, 63 Ga. 228 ; Corolus v. Koch, 72 Mo. 645 ; Devinney v. Mann, 24 Kans. 682 ; Wilson v. Coolidge, 42 Mich. 112; Hannan v. Maxwell, 31 N. J., Eq. 318 ; Earl v. Matheney, 60 Ind. 202 , Kern v. Strausberger, 71 Ill. 413 ; Enquirer v. Robinson, 24 Gratt. 548 ; Pomeroy's Eq. Jur. 423; Ib. 871; Ib. 1365 ; Ib. 1376 ; Ib. 914 ; Ib. 1364 ; Denison v. League, 16 Tex. 406, 407 ; Hipp v. Huckett, 4 Tex. 23 ; Hardy v. DeLeon, 5 Tex. 246 ; Burnley v. Cook, 13 Tex. 591 ; Ware v. Bennett, 18 Tex. 807 ; Smith v. Clopton, 4 Tex. 113 ; Mitchell v. Shepherd, 13 Tex. 488, 489 ; Perkins' Daniels' Ch. Pr. 435.

· *T. S. Reese*, for defendants in error, that, in a partition of a large number of distinct tracts of land and a failure of title to some of the tracts allotted to one of the parties, the proper remedy is a suit against the other parties for contribution upon the implied warranty, and not a suit to set aside the entire partition, cited : Ross v. Armstrong, 25 Tex. Sup. 372 ; Sawyers v. Cator, 8 Humph. 256 ; Freeman on Coten. and Part., sec. 533.

That if appellants were entitled to set aside the partition for breach of implied warranty of title to some of the tracts of land allotted to them, the allegations of the petition were insufficient for that purpose, in that it is not alleged that they had been evicted, or that the adverse titles created by the tax and the execution sales were valid or superior to their own, he cited : Smith v. Fly, 24 Tex. 353 ; Rawle on Covenants for Tittle, 148-150 ; Moore v. Vail, 17 Ill. 190.

That the allegations of the petition are insufficient to justify the court in setting aside its own decree, solemnly made and entered more than a year before the filing of this suit, he cited : Goss v. McClaren, 17 Tex. 107 ; Vardeman v. Edwards, 21 Tex. 737 ; Johnson v. Templeton, 60 Tex. 239 ; Nevins v. McKee, 61 Tex. 411 ; Overton v. Blum, 50 Tex. 417 ; Freeman on Judg., secs. 112, 500.

STAYTON, ASSOCIATE JUSTICE.—This action was brought on November 17, 1885, to set aside a judgment rendered on May 12, 1884, in a suit in which the plaintiffs in this case were plaintiffs. The former suit was brought to recover one-seventh part of many small tracts of land, and to have partition thereof; and it resulted in a partition of all the land, through which what was reported by commissioners duly appointed by the court to be one-seventh in value of the whole, was set apart to Mrs. Harn by final judgment rendered on

May 12, 1884. She now seeks to set that judgment aside on severa grounds :

1. It is claimed that the partition was an unfair one.

2. That her attorney wrongfully consented to the decreee of partition at the term at which it was made, when she had expressly directed him to resist any final decree of partition at that term.

3. That title to some of the tracts of land, which were set apart to her, were at the time clouded by tax titles, or lost by sale under execution, which was unknown to her, but known to the other parties to the suit.

The reasons for not asking the court to set aside the decree now complained of, at the term at which it was entered, and for delaying action so long, is thus fairly stated in brief of counsel for appellants :

"The petition avers that plaintiffs are very impecunious, being able to earn no more by their labor than is necessary to support a large family, and have no resources other than the interest of M. A. Harn, involved herein ; and by reason of their poverty, and the heavy cost necessary to the acquirement of information of the facts herein set out, plaintiffs have been unable to present their bill in court earlier ; and were unable, from the same facts, to present their showing for setting aside the judgment approving the commissioners' report, at the term of court to which it was returned."

If the judgment, now complained of, did not secure to the appellant her fair and equal share of the property for which she sued, that alone would furnish no sufficient reason for granting the relief now sought.

Such results must often occur in the administration of laws necessarily imperfect, through instrumentalities no better than the laws they execute. But when, in the exercise of lawful power, a court has rendered a final judgment, it must be held conclusive between the parties thereto, except in a proceeding appellate in character, unless some ground other than that it is probably unjust is shown, which, under the settled rules of law, is deemed sufficient to authorize a court of equity to re-examine the case. Johnson v. Templeton, 60 Tex. 238; Nevins v. McKee, 61 Tex. 413.

To entitle the appellants to the relief now sought it is necessary that they should show that they were prevented from urging, against the judgment of which they complain, objections which would, or ought to, have prevented its rendition, and that this prevention resulted from fraud, accident or the act of the adverse party, without fault or negligence on their part. Goss v. McClaren, 17 Tex. 107 ; Plummer v. Power, 29 Tex. 7 ; Vardeman v. Edwards, 21 Tex. 737 ; Overton

v. Blum, 50 Tex. 417; Johnson v. Templeton, 60 Tex. 239; Nevins v. McKee, 61 Tex. 413.

The action in which the judgment complained of was rendered, was instituted by the appellants, and it was their duty to know what transpired during its progress, and to take steps during the term at which it was rendered, to set it aside if unsatisfactory. There is no showing that they were prevented from so doing by fraud, accident, or the act of the adverse party.

That a party may be poor is no reason why he should not be held to the same rule of diligence in prosecuting suits instituted by himself as are other persons. The appellants had sufficient knowlege of the land for which they sued to successfully institute and maintain an action in which they obtained a judgment declaring what interest one of them had in each of many tracts of land; and, under such facts, it could not well be held that any sufficient reason is shown why confirmation of the report of the commissioners was not resisted at the term at which it was acted upon.

The petition alleges that the appellants were ignorant of the values of the lands to be partitioned, and that their values were known to the defendants. This may all be true, but it is not shown that the exercise of that diligence incumbent on every part owner of land, seeking partition, would not have given the requisite knowledge. The lands were open to inspection, and their values easily arrived at by proper inquiry. It is not alleged that any fact tending to show their values was only known to the defendants, and that it was by them concealed. So far as the pleadings show, the values of the several tracts of land could be as easily and fully ascertained by one party as by the other. They are not shown to have had any hidden value.

The petition alleges that the "defendants practiced on the credulity of the attorney for these plaintiffs, in cause 10,981, and obtained his consent to the partition made;" that the commissioners knew but little, if anything, of the values or quality of the land to be partitioned, and "that the consent of said attorney to an outlined division which was adopted and made the report of the commission was made known to said commissioners, and the same showed nothing unfair to them, by reason of which they, presuming said attorney had authority to act in that behalf for plaintiffs, made the report rendered by them." In what way the defendants practiced on the credulity of the plaintiffs' attorney is not alleged. That they made any representations to the attorney as to the quality or value of the lands, which were untrue, is not stated. That their attorney had not

accurate knowledge on these subjects is not shown. The authority of the attorney to represent them in the case is not denied, but it is stated that he was directed to resist the confirmation of any report which might be made at that term, but that he failed and refused to obey such instructions, and gave his consent to the decree of confirmation, as the defendants knew was contrary to his instructions.

It is not alleged that the defendants did anything to induce the attorney to violate the instructions of his clients. He was the agent of their own selection. The instruction given to resist any report that might be made, was one which, if known to the defendants, they were not bound to regard; for it was their right to have the partition made and the litigation ended at the earliest period at which this could be legally done.

The averments in reference to the sale of some of the tracts of land set apart to the appellant, under execution, and for taxes, are not sufficient to show that title passed by any of these sales. If, however, the title to any of the lands set apart to the appellant has failed by reason of any fact existing before the partition was made, this would not constitute a sufficient reason for setting aside a partition of many tracts of land in which separate and entire tracts were set apart to each party, unless otherwise the appellant could not be protected.

"The decree of the court confirming the report of the commissioners in partition  *  *  shall have the same force and effect as a full warranty deed of conveyance from such other party and each of them," is the declaration of the statute. R. S., 3483.

If title to any of the tracts of land set apart to the appellant fails by reason of facts existing at the time partition was made, she will be entitled to the same relief against the defendants in the partition suit, who received shares, as though each of them had conveyed such land as she received to her by deed with general warranty of title. She will also be entitled to recover from them any sums of money which she may necessarily expend, to remove any encumbrances from the land set apart to her, which may have existed at the time partition was made.

If any lands in which the parties to the former suit were jointly interested, were not therein partitioned, that does not affect the right of either party yet to have such land partitioned.

The prayer of the petition is that the partition be set aside, and the court below could not have understood that the appellants were seeking such relief as we have indicated they would be entitled to on failure of title to land set apart to Mrs. Harn. The pleadings, as they stood, did not state facts which would have entitled them to

such relief, and the appellants declining to amend, otherwise than by swearing to their petition, the court did not err in dismissing the case. The judgment will be affirmed.

AFFIRMED.

[Opinion delivered March 5, 1886.]