O'CONOR et al. v. SANCHEZ et al.
(No. 5996.)

(Court of Civil Appeals of Texas. San Antonio.
March 27, 1918. Rehearing Denied
May 1, 1918.)

1. APPEAL AND ERROR &#9758;548(5) — REVIEW — ABSENCE OF BILLS OF EXCEPTION.

In the absence of bills of exception, the Court of Civil Appeals cannot consider assignments based on objections to the introduction of testimony.

2. JUDGMENT &#9758;951(3)—PARTITION—DECREE —STATUTORY WARRANTY—PAROL EVIDENCE.

Decree of partition created a statutory warranty in writing similar to a general warranty expressed in a deed, and such statutory warranty cannot be enlarged or restricted by parol evidence.

3. APPEAL AND ERROR &#9758;1054(3)—JUDGMENT ON INADMISSIBLE TESTIMONY—REVERSAL.

Though parol testimony, improperly admitted to restrict the statutory warranty created by decree of partition, was introduced without objection on trial without a jury, the judgment based upon the inadmissible testimony should be reversed.

4. APPEAL AND ERROR &#9758;1054(3)—REVERSAL —EVIDENCE.

If there are pleas supported by admissible testimony, or the testimony is admissible under pleas other than one of statutory warranty arising from decree of partition, judgment in accordance with inadmissible parol testimony restricting the statutory warranty will not be reversed.

5. TRESPASS TO TRY TITLE &#9758;35(1)—ALTERNATIVE PLEAS — RIGHT TO CORRECT PRIOR PARTITION.

Where a paragraph of the second amended petition alleged a trespass to try title, to which defendants answered by plea of not guilty, the formal alternative pleas permitted the issue of an equitable right in plaintiffs to correct partition between the parties because the original decree was founded on a mutual mistake of matter constituting its basis.

6. PARTITION &#9758;95 — DECREE FOUNDED ON MISTAKE—SUIT ON WARRANTY OR IN EQUITY.

Parties to a partition wherein decree was founded on a mutual mistake of matter constituting its basis could sue either upon the statutory warranty or in equity, and allege the two causes alternatively in the same pleading.

7. TRESPASS TO TRY TITLE &#9758;35(1)—DECREE — STATUTORY WARRANTY — MISTAKE — EVIDENCE.

In support of plaintiff's allegation that decree in a prior partition suit between the parties was based on the belief that the parties to the suit owned all the land partitioned, and that this belief was a mistake unknown to any of the parties, it was permissible for defendants to plead and prove in rebuttal that there was no mistake or ignorance, but that all parties knew of the superior outstanding title, and that such risk became a part of the partition, and on such

an issue, made by the equitable cause of action pleaded, parol testimony restricting the statutory warranty arising from the decree of partition was admissible in evidence, and, after admission, could properly have been made a basis of the judgment for defendant.

8. APPEAL AND ERROR &#9758;1011(1)—REVIEW— FINDING ON CONFLICTING EVIDENCE.

The Court of Civil Appeals is constrained to concur in the trial court's finding of fact on conflicting testimony.

Appeal from District Court, Webb County; V. W. Taylor, Judge.

Suit by Thomas O'Conor against Dario Sanchez and others, in which other parties intervened. From the judgment for defendants, plaintiff and the interveners appeal. Affirmed.

H. G. Dickinson, of Laredo, for appellants. Asher R. Smith, of Laredo, Hicks, Phelps, Dickson & Bobbitt, of San Antonio, Greer & Hamilton, of Laredo, John C. Scott, of Corpus Christi, and Wm. Aubrey, of San Antonio, for appellees.

SWEARINGEN, J. Thomas O'Conor instituted this suit against the appellees herein, seeking compensation for damages suffered by him by reason of the allegation that a decree of partition awarded to him a certain part of a tract of land containing 95,182 acres, all of which was owned by the parties to the partition suit as tenants in common, and that he had, subsequent to the partition, been ousted from his allotted land by a paramount title which existed prior to the date of the partition decree. The other appellants herein intervened in the suit and alleged for their cause of action the same facts alleged by appellant O'Conor, except that they alleged that they had received a different body of land from the one received by O'Conor, and the amount of their claim differed. The cause was submitted to the court without a jury. Judgment was rendered in favor of appellees and against all the appellants.

The general statement of the pleadings made in appellants' brief is sufficient for the purposes of this opinion:

"On the 22d day of July, 1903, by his original petition filed on said date, amended by his second amended petition filed December 22, 1915, Thomas O'Conor brought this action of trespass to try title and for repartition against his former cotenants, parties to said judgment, or those in possession holding under them, to recover his interest in that portion of the tract of land partitioned, not claimed or recovered by the state of Texas, and he alleged in his petition that his portion of the land consisted of 35,131 acres, giving its metes and bounds, and its location can be seen by reference to the foregoing map; it being all the land lying east of the dotted black line on the map running north and south. He also alleged in his petition that the defect in the title to the land which had been allotted to him existed at and before the rendition of the decree of partition by the district court of Webb county; that the defect in the title existed at the time the land was allotted to him and during the time it was held by him and his cotenants; that they

never had any title to the land allotted to him, but the same belonged to the state of Texas; that the defect in the title was not known to him at the time the land was allotted to him or at any time prior to the rendition of the judgment of the district court of Travis county; that the decree of partition was rendered by the district court of Webb county inadvertently and under a misapprehension of the true state of the title to the land partitioned thereby; that the parties to said decree were mutually mistaken as to the area or extent of the land to which they as tenants in common held a legal and valid title, and that he never acquired by said decree any title to the land allotted to him, from which he had been ejected and ousted by said judgment in favor of the state, and he prayed judgment for the recovery of 7,350 acres of land, the same being his proportionate share of the 35,131 acres aforesaid, and for the partition of the said 35,131 acres, or that in case a partition could not be equitably made, that he recover from the defendants as warrantors by contribution equitably made the value of the said 7,350 acres on the date that he was evicted and ousted from the land allotted to him with legal interest from that date. Tr. pp. 15 to 25. After the said Porferia Garza de Villareal, Juan E. de Garza, and Mariana de la Garza were evicted and ousted from the land partitioned and allotted to Abraham de la Garza as above stated, they intervened in this suit brought by Thomas O'Conor, and in their petition of intervention they pleaded for their cause of action the same facts pleaded by him in reference to the title and also pleaded for the same character of relief, differing only as to the amount of recovery. Pending suit Mariana de la Garza died and her devisee, Porferia G. de Berreda, and her husband, C. Berreda, became parties to the suit in her place.

"The defendants in their answers pleaded the several statutes of limitation and divers and sundry other pleas, the chief of which were: First, that Thomas O'Conor and Abraham de la Garza, prior to the judgment of partition, desired the land that was allotted to them respectively because it was more valuable than the land on the east side of the tract, acre for acre, and that they had knowledge of the defect in the title to the land they wanted and they agreed to have that land allotted to them and assume the risk of defective title in consideration of obtaining the same acreage of it as they would have obtained if all the land in the tract to be partitioned were of equal value, acre for acre; and, second, that they, the defendants, were not notified of the pendency of the suits brought by the state against plaintiff and the interveners and were unable to defend the title to the land in dispute therein, and consequently the plaintiff and interveners could not recover from them in this suit.

"The defendant Sarah J. Spohn, who claimed an interest in the land partitioned and allotted to A. E. Spohn and others as stated above, pleaded a cross-action against the other parties to the suit, who held the said 35,131 acres, to recover her proportionate share, or its value, of the said 35,131 acres, on account of the loss of her share of the 9,000 acres recovered from her and others by the state as explained above. Elizabeth Hebberd and others also pleaded a cross-action against the parties to said suit who held the 35,131 acres of land to recover their proportionate share, or its value, of the 35,131 acres, owing to the failure of title to the 2,022.13 acres of land partitioned and allotted to them as above stated."

The undisputed facts are that by suit No. 891, styled Arthur E. Spohn et al. v. Thomas O'Conor et al., a tract of 95,182 acres of land claimed to be owned in common was partitioned among the parties to that suit; that the land awarded to appellants by that decree was taken from them subsequently by a paramount title which existed at the time the partition decree was rendered. The various dates relied upon by appellees to prove limitation of various periods are all undisputed. The title of each of the appellees was received in the manner pleaded, which is not disputed.

The facts put in issue by a sharp conflict of the testimony are those found in favor of appellees by the trial court's fifth paragraph of its findings of fact, as follows:

"Fifth. That the agreement embodied in said interlocutory and final decree of partition was agreed to by the parties thereto for considerations following, to wit: The portion of the entire tract fronting on the Rio Grande river, which were the portions thereof allotted to De la Garza and O'Conor, on account of their so fronting on the river, where permanent water could be obtained for irrigation and other valuable uses, and on account of water holes on the same located away from the river, and on account of it being supposed that coal deposits existed therein, and for other reasons, was much more valuable, not less than 33⅓ per cent., than the other lands in the tract away from the river, where the portions set aside in said partition to the other parties to the said partition suit were located. The title to that portion of the land so fronting on the river, including the portions that were set aside to De la Garza and O'Conor and a part of the lands that were set aside to the Spohns and Hamiltons, was of doubtful validity, and the fact that the title was doubtful to such portion of said tract was well known to De la Garza and O'Conor at and before the time said preliminary and final decrees of partition were rendered in cause 891. Both O'Conor and De la Garza were anxious to have their said interests in said tract set aside to them in severalty so as to front on the Rio Grande river and to include said supposed coal lands and water holes, and they proposed to the other parties to the said partition that if said other parties would agree that O'Conor's and De la Garza's interests in said tract of land should be allotted to said O'Conor and De la Garza so that they would get that portion of said tract so fronting on the Rio Grande river containing said supposed coal deposits and water holes, in the quantities stated in said agreement, out of said portions of said tract which they were so anxious to have set aside to them, and that if the other parties to said partition would agree to receive their interests in said tract of land out of the remainder of said grant, away from said river, in the quantities stated in said agreement embodied in said interlocutory partition decree, they, the said O'Conor and De la Garza, would assume the risk of the title to the land so desired by them, respectively, and that in consideration of said assumption of risk of title by O'Conor and De la Garza the other parties to said partition agreed that the wishes of the said O'Conor and De la Garza in the premises should be complied with, and that the partition should be had and the decree therefor made and entered so that said De la Garza and O'Conor should thereby receive their said agreed interests in said tract of land located in the manner and upon those portions of said grant as so requested and desired by them, and that the other parties to said partition should receive several interests out of the remaining portions of said grant, away from the river. That the parties to said partition decree thereby agreed, in substance, that notwithstanding the portions of said grant which were thus to be allotted to said O'Conor and De la Garza were, acre for acre, in excess value of those portions which were to be-

allotted to the other parties to said partition, the difference between such values was offset by the doubtful validity of the title to the land to be allotted to said O'Conor and De la Garza. That the other parties to said partition were induced by said proposal and agreement of said De la Garza and O'Conor to make said agreement embodied in said interlocutory decree of partition and the consent to the making of and entry of said decrees of partition, and that but for said proposal and agreement on the part of said O'Conor and De la Garza to assume the risk of the title to the lands allotted to them the other parties to said partition would not have agreed to same, and in consideration of O'Conor and De la Garza so assuming the risk of the title of the portion of the land on the river the parts that were requested by O'Conor and De la Garza on the river were, under and in pursuance of said agreement, allotted to them so as to front upon the river, as if they were in fact of the same value, acre for acre, as the portions of the tracts away from the river, where the other parties received their portions. And their assumption of this risk of title was the consideration inducing the other parties to the partition decrees to agree to said decrees, and without this assumption of the risk of title upon the part of O'Conor and De la Garza it would not have been agreed that they should have their land allotted to them so as to front upon the river, as if they were of the same value, acre for acre, as the other portions of the tract away from the river, and the said preliminary and final decrees of partition would not have been assented to by the other parties to the suit, and such decrees of partition would not have been rendered. Said lands were so allotted to all said parties in accord with said agreement, and after said final decree of partition had been rendered the parties thereto took and thereafter held possession of the several parcels of land therein allotted to them respectively."

There is evidence to support this finding, and in deference to the court's finding we adopt this finding as our own.

[1] The first six assignments are based upon objections to the introduction of testimony, but as there are no bills of exception we are not permitted to consider these assignments.

The seventh assignment is:

"The court erred in finding in paragraph fifth of the findings of fact and conclusions of law that the considerations that moved the parties to the suit entitled A. E. Spohn et al. v. Thomas O'Conor et al., to agree to interlocutory decree and final decree of partition, were that the portions of land allotted to plaintiffs Thomas O'Conor and Abraham de la Garza, under the interveners' ·claim, were of greater value per acre than those allotted to the other parties to said suit, and that the title to the lands allotted to O'Conor and De la Garza was of doubtful validity, of which they had knowledge, and that they accepted said lands and assumed the risk of the defect of title to the same. Such finding was entirely erroneous as there was no legal, competent, or admissible evidence to sustain the same."

The twelfth assignment is that the court erred in rendering judgment based upon those facts found by the court and stated in the above-mentioned fifth paragraph of the court's findings of fact.

[2] The legal principle which appellants seek to invoke by the seventh and twelfth assignments is that the decree of partition rendered in suit No. 891, to which all parties in this suit were parties or privies, heirs or alienees, created a statutory warranty of title in writing, similar to a general warranty expressed in a deed, and that this statutory warranty created by the decree of partition cannot be enlarged or restricted by parol evidence. This contention asserts an established rule of law if applicable to the facts of this case. Garrison v. Richards, 107 S. W. 861; Warren v. Clark, 24 S. W. 1105; Bingham v. Bingham, 57 Tex. 238; Harn v. Phelps, 65 Tex. 592.

[3] It is contended further that, inasmuch as the testimony which established the fact found by the court in its said fifth paragraph of findings of fact was parol and did restrict the statutory warranty created by the decree of partition, it was not admissible testimony; and, further, that, even though this illegal testimony were introduced without objection in a trial before the court without a jury, the judgment based upon this inadmissible testimony should be reversed. This contention of appellants also correctly states the law. Mr. Justice Hodges, in Garrison v. Richards, 107 S. W. 867, states the rule thus:

"The court having considered that erroneous testimony in the disposition of the case, and based his conclusions of law upon it, its admission injuriously affected the final result and became reversible error."

[4] All of the foregoing 'contentions by appellants are based upon the allegations in the final pleadings of appellants which seek to vouch appellees by force of the statutory covenant of warranty created by the decree of partition. Ver. Sayles' R. T. C. St. art. 6115; Ross v. Armstrong, 25 Tex. Supp. 355, 78 Am. Dec. 574; Harn v. Phelps, 65 Tex. 592; Warren v. Clark, 24 S. W. 1105. However, if there are pleas supported by testimony that is admissible, or if the testimony is admissible under pleas other than the one of statutory warranty, then the judgment will not be reversed. H. E. & W. Tex. Ry. Co. v. Adams, 63 Tex. 200-206.

[5] The fourteenth paragraph of appellants' second amended petition alleges the statutory warranty and the pleadings state a cause of action by reason of that warranty. If this were the only cause stated, it may be that appellants' seventh and twelfth assignments should be sustained. But in the thirteenth paragraph of the said second amended petition a trespass to try title suit is alleged. To this appellees answered by the plea of "Not guilty." These formal alternative pleas permit the issue of an equitable right in appellants to correct the partition because the original decree was "founded upon a mutual mistake of matter constituting its basis." Ross v. Armstrong, 25 Tex. Supp. 355. In addition to the trespass to try title allegations and the "Not Guilty" plea, appellants in the fifteenth paragraph of the second amended petition allege a cause of action based entirely upon mutual mistake.

[6] It is well settled in Texas procedure that appellants could sue either upon the warranty or sue in equity. The one right

does not exclude the other. Harn v. Phelps, 65 Tex. 592–599; Ross v. Armstrong, 25 Tex. Supp. 374; Grigsby v. Peak, 68 Tex. 235, 4 S. W. 474, 2 Am. St. Rep. 487; Rawle on Covenants for Title (5th Ed.) § 277, p. 446; Coleman v. Luetcke, 164 S. W. 1119; Bussell v. King (Tenn. Ch. App.) 48 S. W. 310. It is also settled that these two causes may be alternatively alleged in the same pleading.

[7] In support of the allegation that the decree rendered in the partition suit No. 891, was based upon the belief that the parties to the partition suit No. 891 owned all the land partitioned, and that this belief was a mistake unknown to any of the parties, it was permissible for appellees to plead and prove in rebuttal that there was no mistake or ignorance, but that all parties knew of the superior outstanding title and that such risk entered into and became a part of the partition. Bussell v. King (Tenn. Ch. App.) 48 S. W. 310. Upon such an issue made by the equitable cause of action pleaded, the evidence objected to should have been admitted in evidence, and being admitted could properly be made the basis of the judgment herein rendered by the trial court. Railway v. Adams, 63 Tex. 206.

[8] Upon this issue there was conflicting testimony. The trial court weighed all this testimony, tested the credibility of the witnesses, and resolved the issue in favor of the appellees. We are constrained to concur in that finding of the trial court. The seventh and twelfth assignments are overruled.

We are inclined to believe that the trial court erred in finding that the evidence failed to prove that appellants were ousted from the land allotted to them by partition decree by paramount title which existed at the time of the decree, and we are disposed to sustain the ninth and fourteenth assignments presenting this error. However, as the judgment is supported by the pleadings and evidence discussed by us in our consideration of the seventh and twelfth assignments, we hold that the errors presented in the ninth and fourteenth assignments will not authorize a reversal of the judgment.

The tenth assignment seems to answer itself. The error alleged is that the court found that none, save appellants, were notified to appear and defend the suits by which appellants were ousted from their allotted parts of the common land. The reason given for the assertion that this finding of fact is error is that notice is not required. The evidence amply sustains the finding complained of. We overrule the tenth assignment.

The thirteenth assignment complains that the court erred in rendering the judgment herein, because it is based upon the finding of fact above mentioned. We are of the opinion that the judgment is sustained by the issues pleaded and proven which are discussed in our consideration of the seventh

and twelfth assignments of error. If error is presented in this thirteenth assignment, the error does not justify a reversal.

The eleventh assignment is that the trial court erred in finding the value of the land when partitioned, because the finding is contrary to the great weight and preponderance of the evidence. While there was conflict in the testimony, there was sufficient evidence to support the court's finding, and we do not feel authorized to disturb it. The eleventh assignment is overruled.

The eighth assignment is also overruled, because the error, if any, is not such as to require a reversal.

Appellee J. C. Spohn submits four cross-assignments presenting two propositions of law, which we have duly considered and find without merit, and therefore we overrule them.

The ten cross-assignments submitted by the appellees Mrs. K. S. Hamilton, H. J. Hamilton, and A. C. Hamilton present no errors deemed material, and same are overruled.

The judgment is affirmed.