DURFEE v. CRAWFORD et al. (No. 352.)

(Court of Civil Appeals of Texas. Beaumont. April 25, 1918. Rehearing Denied May 8, 1918.)

JUDGMENT ⬅456(1)—SETTING ASIDE—TIME TO ACT.

Where attorney for several plaintiffs omitted one of them from the amended petition and abandoned her without her knowledge, she could not have the judgment set aside in equity after the expiration of the term of its rendition, if she had knowledge of the judgment before the expiration of such term, in the absence of fraud of adverse parties.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by Sophie Durfee against Duke Crawford and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Stanley Thompson, of Houston, for appellant. Barkley & Weems, of Houston, for appellees.

BROOKE, J. This is a suit begun in the district court of Harris county in the Fifty-Fifth judicial district of Texas by appellant, Sophie Durfee, in an equitable proceeding brought by her for the purpose of setting aside a judgment in cause numbered 64,963 on the docket of said court, which said suit was styled Rosa Davis and Sophie Durfee v. Duke Crawford, Sr., and Duke Crawford, Jr. The petition alleged, among other

things, that the attorney acting for the said Sophie Durfee, plaintiff in said suit, without the knowledge of plaintiff, abandoned her interest in said suit, and by an amended petition left her out of the case, and that she had no representatives of her interest after said amended petition was filed in said suit, and that when the judgment was rendered in said cause No. 64968, Sophie Durfee had no representatives and no pleadings in court to look after her interests, and to prosecute her rights to said property, and that without her knowledge or authority, and in her absence, on the 3d day of January, 1916, there was entered of record in said cause a judgment divesting her of her interest and title to certain property, vesting the same in Rosa Davis and Duke Crawford, Sr. Among other things, she averred that she had never agreed to, or authorized any one to agree to, said judgment, and that she was not present at the time it was rendered, and did not know anything of it until a day or two before the petition to set aside the judgment was filed; that as soon as she learned of said judgment she at once employed counsel for the purpose of bringing and prosecuting this suit. The case was tried before a jury, and after the testimony was closed, the court peremptorily instructed the jury to find for the defendants, and the jury so found.

Appellant has one assignment of error, and that is that the court erred in charging the jury peremptorily in favor of defendant. To this the appellees urge that where a party to a judgment has knowledge, before the expiration of the term of its rendition, and fails to take the proper steps to have the same corrected or set aside, he cannot afterwards maintain a suit in equity for such relief. It seems that the judgment was rendered in the case of Rosa Davis and Sophie Durfee v. Duke Crawford, Sr., and Duke Crawford, Jr., No. 64963, on January 3, 1916. It is undisputed that appellant knew of the rendition of said judgment less than 20 days after same was rendered, and had consulted with counsel in regard to having the same set aside. The record discloses the fact that the suit to set aside the judgment was not filed until the 6th day of May, 1916, which was more than four months after the judgment had been rendered, and subsequent to the term of court at which the same was rendered. It may be said, upon the proposition as to whether the said judgment rendered on January 3, 1916, in No. 64963 was entered by the consent of appellant, or whether counsel for appellant had authority to represent appellant in the premises, there was a conflict but as before stated, there is no question that appellant knew of the rendition of the judgment within less than 20 days after same was rendered. In the case of McLane v. San Antonio National Bank, 68 S. W. 63, the following language is used:

"Relief in equity cannot be had because of an act or neglect of complainant's attorney in the management of the original cause, not involving actual fraud. The character of the act or neglect is not material. It may consist of entire inattention to the business intrusted to him, or his failure to appear and plead at the trial, or his procuring witnesses or other evidence, or of any error in the judgment with respect to the pleadings, the evidence, or other material matter involving the management of the case. In all such cases no relief can be obtained in equity. * * * In this case the conclusion cannot be escaped that the mistake in the judgment sought to be corrected is the direct result of the negligence of the appellee, or of negligence with which it is chargeable. No diligence whatever is shown to discover the mistake after the judgment was entered, nor is it shown when it became known to appellee. If it was discovered before the court adjourned, it should have been corrected during the term. A party who knows of a material mistake in his judgment during the term at which it was entered, and fails to take the proper steps to correct it, then ought not to bother a court of equity with it afterwards."

In the case of Bomar v. Parker, 68 Tex. 440, 4 S. W. 607, Judge Gaines uses the following language:

"It seems to us, however, that there is another objection to appellant's cross-bill which is fatal to his case. It is an original action, it is true, but one to which attaches the substantial conditions of a motion for a new trial. Such a suit cannot be maintained without showing that the complainant has been prevented from making his motion during the time of which the judgment sought to be set aside was rendered. Hence if a motion be made and abandoned, it is fatal to a new suit when brought for the same purpose. We think, therefore, that a party who institutes an original action for a new trial occupies no better position than one who makes his motion during the term at which the judgment is rendered, and that he should be held to the diligence of prosecuting his action to a final determination."

In the case of Harn v. Phelps, 65 Tex. 592, Justice Stayton used the following language:

"She now seeks to set that judgment aside on several grounds: * * * The reasons for not asking the court to set aside the decree now complained of, at the term at which it was entered, and for delaying action so long, is thus fairly stated in brief of counsel for appellants. * * * Such results must often occur in the administration of laws necessarily imperfect, through instrumentalities no better than the laws they execute. But when, in the exercise of lawful power, a court has rendered a final judgment, it must be held conclusive between the parties thereto, except in a proceeding appellate in character, unless some ground other than that it is probably unjust is shown, which, under the settled rules of law, is deemed sufficient to authorize a court of equity to re-examine the case. Johnson v. Templeton, 60 Tex. 238; Nevins v. McKee, 61 Tex. 413. To entitle the appellants to the relief now sought, it is necessary that they should show that they were prevented from urging, against the judgment of which they complain, objections which would, or ought to, have prevented its rendition, and that this prevention resulted from fraud, accident, or the action of the adverse party, without fault or negligence on their part. * * * The action in which the judgment complained of was rendered was instituted by the appellants, and it was their duty to know what transpired during its progress, and to take steps during the term at which it was rendered to set it aside if unsatisfactory. There is no showing that they were prevented from so doing by fraud, accident, or the act of the adverse party. That

a party may be poor is no reason why he should not be held to the same rule of diligence in prosecuting suits instituted by himself as are other persons. The appellants had sufficient knowledge of the land for which they sued to successfully institute and maintain an action in which they obtained a judgment declaring what interest one of them had in each of many tracts of land; and, under such facts, it could not well be held that any sufficient reason is shown why confirmation of the report of the commissioners was not resisted at the term at which it was acted upon."

Assuming, therefore, that in the instant case counsel for appellant did not have the authority to agree to the judgment that was entered, following the reasoning in the above' cases, this would not be sufficient ground for appellant in this suit to set aside the judgment previously rendered. It would not be sufficient, even for the sake of argument, admitting that appellant had been defrauded, but it must have been shown that the fraud was perpetrated by adverse parties. In this case it is not even alleged that the appellees, Duke Crawford, Sr., and Duke Crawford, Jr., were guilty of fraud or misconduct, or that there was any evidence to the effect that the appellant was prevented from pursuing her legal remedies during the term of court at which the judgment was rendered and entered.

Therefore, upon the consideration of the entire record, we are of opinion that there was no error in the trial in the court below, and that the judgment must be, in all things, affirmed.