## CONLEY v. HALLETT & DAVIS PIANO CO.
### (No. 10503.)

(Court of Civil Appeals of Texas. Fort Worth. March 1, 1924.)

1. **Set-off and counterclaim ⬅27(2)—Defendant sued on note may recover in reconvention for failure to do that for which note given.**

In action on note, defendant may recover damages in reconvention for plaintiff's failure to do that for which note was given.

2. **Pleading ⬅146 — Counterclaim for breach of contract in action on note held insufficient.**

In action on note, an unverified answer, alleging that note was given in part payment of piano purchased, pleading breach by plaintiff of sale contract and asking judgment for difference between amount of damages sustained by defendant by reason of breach and amount of note, *held* insufficient as a counterclaim, being an attempt to set up an unliquidated account in violation of Rev. St. art. 1329, without a sufficient showing that the counterclaim grew out of or was incident to or directly connected with execution of note under article 1330.

Appeal from Throckmorton County Court; John Lee Smith, Judge.

Suit by the Hallett & Davis Piano Company against J. D. Conley. Judgment for plaintiff, and defendant appeals. Affirmed.

B. F. Reynolds, of Throckmorton, and M. S. Long, of Abilene, for appellant.

T. R. Odell, of Throckmorton, for appellee.

BUCK, J. The Hallett & Davis Piano Company, alleged to be a partnership under the management of three named trustees, brought suit against J. D. Conley on a note for $405, dated at Throckmorton, Tex., April 20, 1921, and due four months from date, or on August 20, 1921.

The defendant answered, acknowledging the execution of the note, but further alleged:

"That since the execution of said note the plaintiff has failed to carry out certain contracts this defendant had with plaintiff, which contracts were made and entered into prior to the execution of said note, but which the defendant was depending on plaintiff carrying out, and by reason of the failure by the plaintiff in carrying out these contracts this defendant has been damaged in the following particulars, to wit: That said note was executed in payment of [a?] certain piano purchased by him from plaintiff under said contract."

He further alleged that plaintiff had sold him three other pianos and that each was defective and that he was forced to incur expenses, including the expenses of a trip to Abilene in one sale; and that the purchaser from the defendant in another sale had held back $100 of the purchase price because of the defective condition of the piano; and in a third sale, the piano was to be in a mahogany case, but that plaintiff in fact sent a walnut case, and the purchaser was unwilling to accept the walnut case and was holding back $150 of the purchase price, and that plaintiff would not exchange the piano delivered for one in a mahogany case, as requested; that defendant had lost these several amounts. Therefore he pleaded in way of reconvention or counterclaim that plaintiff take nothing and defendant have judgment for the difference between the amount named in the note and the amounts alleged to have been lost by defendant by reason of the alleged defects in two of the pianos, and the alleged error in shipping the third piano in a different case from the one ordered. He alleged further, in answer to plaintiff's claim on the note, that—

"Plaintiff entered into a regular contract with this defendant on or about the latter part of the year 1920, in which the plaintiff made this defendant their agent for the sale of pianos for all of West Texas, that the note sued on herein was executed in payment of certain pianos purchased under and by virtue of said contract, and that under this contract the plaintiff agreed to ship to this defendant one Baby Grand piano valued at $1,000, and that this defendant sold this piano to C. L. Wood for $1,000, and at that time the said C. L. Wood was amply able and willing to pay to the defendant the sum of $1,000, and that if the plaintiff had shipped this piano to this plaintiff[?] as they agreed to and as this defendant was depending on, this defendant would have realized the sum of $150.00; that plaintiff never delivered the piano, and the defendant has been damaged in the sum of $150."

The plaintiff, in replying to defendant's answer and counterclaim, leveled an exception to the pleading that the defendant was "attempting to set up as a defense an unliquidated account against a liquidated account." The trial court sustained this exception and, the defendant declining to amend, rendered judgment for plaintiff, and the defendant has appealed.

The appellant has filed a purported brief, in which he has one assignment, followed by no proper statement, unsupported by argument and unsustained by any cited authority.

Article 1329, Rev. Statutes, provides:

"If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff; and, if the suit be founded on a certain demand, the defend-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff."

Article 1330 further provides:

"Nothing in the preceding articles shall be so construed as to prohibit the defendant from pleading in set off any counter claim founded on a cause of action arising out of, or incident to, or connected with, the plaintiff's cause of action."

The defendant alleged in his answer:

"That all of the transactions set up herein are incident to and growing out of the same transaction as the note sued on herein; that said note was given in the regular course of trade and under the contract complained of herein. The contract between plaintiff and defendant was oral."

[1] In an action on a note, defendant may recover damages in reconvention for the plaintiff's failure to do that for which the note was given. Brown v. Viscaya ( Tex. Civ. App.) 42 S. W. 309, writ refused.

In Collins v. Kelsey, 97 S. W. 122, the Court of Civil Appeals for the Fourth District held, where defendants, having been sued on a note, claimed in an answer filed in the nature of a cross-bill, filed after paying the note, costs and attorney's fees paid thereon, on the ground that they were ignorant of an extension of the note, whereby it was not due, that the alleged cross-bill or counterclaim was proper.

In Cunningham v. M. W. & B. G. Daves, 141 S. W. 808, the Austin Court of Civil Appeals held, in an action to recover a part of an amount alleged to have been deposited with defendant as a banker in consideration of plaintiff's promise to drill certain wells on defendant's land, and that plaintiff dug said wells and falsely represented that he had obtained sufficient water; when in fact the wells would not furnish a sufficient water supply, etc., and that upon plaintiff's representation that the wells were properly dug defendant purchased casing therefor to a certain amount, which could not be withdrawn because of the manner in which the wells were dug, and caused defendant the loss of the price thereof, that defendant's cross-action arose out of the same transaction as the right of action set up by plaintiff.

In Gillispie v. Ambrose, 161 S. W. 937, this court, in a landlord's action to recover rent and compensation for the use of farming implements and live stock, held that the defendant could set up as a counterclaim a breach of warranty.

In Paschal v. Hudson, 169 S. W. 911, writ refused, the Dallas Court of Civil Appeals held that while defendant, in an action to cancel a deed on the ground of his fraud, cannot plead plaintiff's fraud to defeat a recovery, yet, where he has paid out money by reason of plaintiff's fraud, he may plead that fact and have it adjudicated in case a rescission is decreed.

In Bank of Gorman v. Mangum, 176 S. W. 1197, this court held that an action on a note cannot be set off against an action for unliquidated damages founded on tort and breach of contract.

In Avent v. Ormand (Tex. Civ. App.) 173 S. W. 239, it was held, in a suit on notes given for personal property sold by plaintiff to defendant, that the defendant could not plead by way of counterclaim or cross-action damages for plaintiff's alleged breach of covenant of warranty in a deed executed at a different time from the transaction of the sale of the personal property.

The Austin Court of Civil Appeals held, quoting from 34 Cyc. p. 678, that defendant . cannot recoup for matters not connected with the basis of plaintiff's claim, and which are founded upon an independent and distinct contract or transaction.

In McDonald v. Lastinger (Tex. Civ. App.) 214 S. W. 829, it was held that in a suit on a note given for the difference between the values of corporate stock and farm lands exchanged, it was admissible for defendant, the former owner of the farm lands and maker of the note, to bring a cross-action against plaintiff for misrepresenting the value of the stock; such cross-action having arisen out of, and been incident to or connected with, the liquidated demand sued on.

In Binder v. Millikin (Tex. Civ. App.) 201 S. W. 239, writ refused, the court held that in a suit on notes evidencing the balance due on the purchase price of land, the defendant and vendee could not plead in offset or for compensation unliquidated damages for misrepresentations of an agent who sold the land. In this case the court said:

"It follows that appellee's claim for damages, being unliquidated, could not be pleaded in offset or for compensation against the notes, and necessarily in order to sustain it the plea must be one in reconvention. That was the only plea that he could present to the court. It is evident that appellee did not intend the plea to be one of a partial or total failure of consideration because he sought not only to cancel the notes, but to obtain a judgment for any balance on damages over against appellant. The answer was not verified as required by law. It was not objected to, however, on that ground, and the lack of verification is mentioned merely to show that it was not intended as a plea of failure of consideration."

The court cites the case of Nelson v. Traction Co., 107 Tex. 180, 175 S. W. 434, in support of its holding.

In the instant case defendant's answer was not verified, and although plaintiff did not except thereto for lack of verification, if the holding of the Court of Civil Appeals in Binder v. Millikin that the lack of verification might be considered as determining that the pleading was not intended as a plea of failure of consideration is sustained by the

refusal of the Supreme Court of a writ of error, that holding would apply in the instant case and would preclude a reversal of the judgment below on the ground that defendant had pleaded a partial failure of consideration for the note sued on.

In Alley v. Bessemer Gas Engine Co. (Tex. Civ. App.) 228 S. W. 963, it was held that in an action by a seller of an engine for the balance of the purchase price, the buyer could not, in answer, set up a claim for damages for personal injuries sustained as the result of a defect in the engine; such claim for damages being based on a cause of action separate from the cause of action stated by plaintiff.

[2] There is not sufficient pleading in defendant's answer to show that the cross-action or counterclaim grew out of, or was incident to, or directly connected with, the giving of the note, upon which plaintiff's cause of action was founded.

We believe that the cause of action set up by defendant for recovery against the plaintiff was a separate and distinct cause of action from that pleaded by the plaintiff, and that the trial court did not err in sustaining the special exception to such plea.

The judgment below is affirmed.