## SEMBERA v. USENER.    (No. 8979.)

Court of Civil Appeals of Texas.    Galveston.
April 28, 1927.

1. **Judgment** ⚫═343—**Possible injustice alone is insufficient to warrant reopening of judgment after term has expired.**

In order to obtain a reopening of a judgment after the term in which judgment was rendered has expired, something more than that injustice may have been done must be shown.

2. **Judgment** ⚫═379(1)—**To warrant reopening judgment, applicant must show meritorious defense which he was prevented from making without fault on his part.**

To obtain a reopening of a judgment after the term at which the judgment was rendered has expired, the applicant must show a good defense to the cause, which he was prevented from making by fraud, accident, or the acts of the opposite party without fault or negligence of his own.

3. **Judgment** ⚫═377—**Plaintiff held not entitled to have judgment reopened, setting up no defense to note tendering payment but asking reconvention.**

Plaintiff *held* not entitled to have judgment foreclosing vendor's lien notes reopened after term at which judgment was rendered had expired, where her pleading not only set up no defense to the vendor's lien note, but in fact tendered payment of it, and could, at most, only amount to an action for damages in reconvention for alleged false representation of defendant.

4. **Vendor and purchaser** ⚫═310—**Counterclaim against liability on vendor's lien note must grow out of execution of note.**

Counterclaim for vendor's misrepresentations that property sold was connected with sewer against liability on vendor's lien note must grow out of, or be incident to, or directly connected with, the execution of the note,

---

since it cannot be used to offset it; the note being a liquidated, and the counterclaim an unliquidated, claim.

**5. Limitation of actions ☞100(1)—Statute of limitations runs against action for fraud only when fraud is or should be discovered (Vernon's Ann. Civ. St. 1925, art. 5527).**

Where action is based upon damages arising from fraud, statute of limitations (Vernon's Ann. Civ. St. 1925, art. 5527) will begin to run only from the time when the fraud is or should have been discovered.

Error from District Court, Harris County; Roy F. Campbell, Judge.

Suit by Christine Sembera against Dr. J. F. Usener. Judgment for defendant, and plaintiff brings error. Affirmed.

Virgil E. Arnold and E. H. Wicks, both of Houston, for plaintiff in error.

Fowler & Conn, of Houston, for defendant in error.

GRAVES, J. Although this case is here on a writ of error, the litigants will be herein designated as appellant and appellee respectively.

The appellee sued appellant in the Eightieth district court of Harris county, in cause No. 114414, on a vendor's lien note dated July 16, 1920, alleged to have been executed and delivered to him by her in part payment of certain lots in the Dixie addition to the city of Houston in Harris county, together with the improvements thereon; appellant answered therein only by general demurrer and general denial, filing no sworn pleadings setting up any of the defenses to the suit which required verified pleadings under R. S. 1911, art. 1906.

On January 7, 1925, the district court in that cause rendered judgment in the appellee's favor for the amount he sued for upon the note, together with a foreclosure of the vendor's lien therein retained. Pursuant to that foreclosure, the sheriff of the county sold the property to appellee on April 2, 1925, for $2,000. On the same day the appellant herein filed her original petition in the present cause for a bill of review of the judgment so previously rendered against her in cause No. 114414, and thereafter, on May 18, 1925, filed her amended petition for such review. The appellee, along with special exceptions, filed a general demurrer to such amended petition for a review of its former judgment, which the trial court sustained after a rehearing, dismissing the application, and the appellant, without filing a motion for new trial below, complains against that action through this writ of error.

[1, 2] The term of court at which judgment in cause No. 114414 was rendered had long since expired when the bill for a review of it was filed. To obtain a reopening in such circumstances, it is well settled that something more than that injustice may have been done must be shown; it must appear, not only that the former judgment was not the result of a lack of diligence to prevent it on the part of the one who seeks to set it aside, but also that he had a good defense to the cause of action therein matured, which he was prevented from making, by fraud, accident, or the acts of the opposite party, unmixed with any fault or negligence of his own —indeed, good ground must be shown for the supposition that a different result would follow a new trial. Johnson v. Templeton, 60 Tex. 238; Ripps v. Hermann (Tex. Civ. App.) 163 S. W. 1023; Rogers v. Dickson (Tex. Civ. App.) 176 S. W. 865; Durfee v. Crawford (Tex. Civ. App.) 203 S. W. 426; Wagley v. Wagley (Tex. Civ. App.) 230 S. W. 495; Campbell v. Richards (Tex. Civ. App.) 233 S. W. 532.

[3] In this instance these requisites were not met. In the first place, it does not clearly appear from the record here that a default judgment against appellant had been rendered in cause No. 114414, despite the presence on file of a written answer therein from her. The copy of that judgment attached to her pleadings in this suit does recite that she "failed to appear, but wholly made default, although duly cited according to law," but it nowhere recites that she had not filed an answer and that it was not considered; on the contrary, there is this further recitation:

"And a jury being waived, all matters of law and evidence were submitted to the court, and the court having heard the pleadings read, evidence introduced, and arguments made, and it appearing to the court that the defendant, Christine Sembera, is indebted to the plaintiff, Dr. J. F. Usener, in the sum of $3,748.82, as evidenced by one certain vendor's lien note executed by the defendant to the plaintiff in part payment of the hereinafter described land and premises, on the 16th day of July, A. D. 1920," etc.

But be that as it may, the bill for review certainly does not disclose any good defense to the cause of action against her on the vendor's lien note. In it she admits having given the note for and occupied the property received under it for several years which she was then still doing, and having ceased to make payments on the note, by advice of her counsel, on September 16, 1924, and then presents as her sole substantive complaint, this: That in the earnest money contract for the sale of the property to her, of July 14, 1920, alleged to have been made with her by agents of the appellee, the agreement was made, "gas, water, and sewerage to be connected with house," and that, after she took possession, learned of, and complained to him about, the matter, the appellee himself had orally told her "that he always intended to connect

up the sewerage with said property"; that such statements, which were false and made for the purpose of inducing her to pay an excessive price for the property, meant that the house was to be connected up with the sanitary sewer of the city of Houston, whereas in fact it was only connected up with a cesspool on the premises and not with the city sewer. She alleges, in effect, that this constituted "a complete, competent, lawful, and equitable defense and cross-action against defendant in his action to foreclose his lien on said property," which she would have so used against that action if she had not been prevented by his sharp practices in procuring the judgment therein without giving her previously agreed upon notice of when the same would be heard.

Her fourteenth paragraph is as follows:

"Plaintiff now offers and tenders to defendant here all payments in arrears with the interest due thereon and to pay all costs that have accrued therein, including attorney's fees."

She prays, among other things, that the foreclosure judgment be set aside, "for all damages suffered by her arising from this cause," and for general relief.

Nowhere is it alleged that she would have then paid the arrears at that time due on the note, had she known when the foreclosure suit would be tried, but only that she would have used this cross-action against it; in this she shows that she received her deed and went into possession of the property under it on July 16, 1920, thereby from that time being in position to discover the absence of city sewer connection by the exercise of reasonable diligence, but did not file her complaint about it in court until more than four years later. Neither is there averment anywhere that she was induced by the alleged fraud to pay any specified amount more than the property was worth, nor are her damages because of it otherwise laid at any sum whatever.

It is apparent that this pleading not only sets up no defense to the vendor's lien note, but in fact tenders payment of it. If otherwise considered in its most favorable light toward the appellant, however, it could at most only amount to an action for damages in reconvention for appellee's claimed failure to connect up with the city sewer. Egery v. Power, 5 Tex. 501; Conley v. Piano Co. (Tex. Civ. App.) 260 S. W. 1089.

[4] In order to have that standing, it was necessary, under these cited authorities, to show that the counterclaim grew out of, or was either incident to, or directly connected with, the execution of the note, since it could not be used as an offset to it; the latter being liquidated and the former unliquidated. Binder v. Millikin (Tex. Civ. App.) 201 S. W. 239; Conley v. Piano Co., supra.

[5] So that the cross-action declared upon, being one for damages arising from fraud, was open to appellant at any time after the fraud was, or by the exercise of reasonable diligence should have been, discovered, from which date the statute of limitations (Vernon's Ann. Civ. St. 1925, § 5527) would begin to run; and she fails to show that it accrued less than four years before she so pleaded it. Binder v. Millikin, supra at page 245; Howard v. Randolph, 73 Tex. 454, 11 S. W. 495; Fort Smith v. Fairbanks, 101 Tex. 24, 102 S. W. 908.

It is plain that the pleading as a whole afforded no basis on which the trial court could have properly concluded that the prior judgment in the foreclosure case should be reopened, or that, if it had been, a different result would have ensued; hence there was no error in sustaining the general demurrer.

The judgment has been affirmed.

Affirmed.