## WAGLEY v. WAGLEY.   (No. 659.)

(Court of Civil Appeals of Texas.  Beaumont. April 28, 1921.  Rehearing Denied May 11, 1921.)

**1. Judgment ☞435, 441—Judgment may be set aside upon proper showing of fraud, accident, or mistake.**

Judgments may be set aside, by direct suit brought for that purpose, upon proper showing of fraud, accident, or mistake.

**2. Judgment ☞441—Party, seeking vacation on ground of fraud, must show that he was prevented from making valid defense.**

A judgment will not be set aside on direct suit, despite showing of fraud, accident, or mistake, unless the party seeking relief can show that he was prevented from making a valid defense by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part.

**3. Judgment ☞461(1)—Party suing to vacate has burden of proving that he was prevented from urging defenses.**

To secure vacation of a judgment by a direct suit on the ground of fraud, accident, or mistake, the party seeking relief has the burden of showing that he was prevented from urging some valid defense, and that this prevention resulted from fraud, accident, or the act of the other party, and it is not enough merely to show that injustice has been done, or that a valid defense existed.

**4. Judgment ☞423—Mere error is not sufficient to warrant vacation in equity.**

That a judgment is erroneous as a matter of law is no ground for setting it aside on direct attack.

**5. Divorce ☞184(6)—Weight and sufficiency of evidence for trial court.**

In an action for divorce, the weight and sufficiency of the evidence is for the trial court.

**6. Divorce ☞124—Evidence sufficient to establish plaintiff's allegation as to residence.**

In an action to set aside a judgment of divorce, findings in the divorce suit that the plaintiff wife had been a resident of Texas for 12 months next preceding the action, and a resident of the county in which it was begun for 6 months prior to institution, held warranted by the evidence.

**7. Judgment ☞441—Judgment cannot be vacated for fraud when that question was in issue in the original proceedings.**

A judgment cannot be vacated for fraud when the particular question of fraud was in issue in the original proceedings.

**8. Divorce ☞165(3)—Judgment cannot be vacated on ground of fraud as to residence.**

As the fact of residence is made jurisdictional by statute, and in a divorce action must be proved to the satisfaction of the court trying the case, a judgment of divorce cannot be vacated on the ground that plaintiff was guilty of fraud in establishing the allegations as to her residence, for that issue was adjudicated in the divorce suit.

**9. Divorce ☞165(3)—Defendant husband held to have participated, and not entitled to attack judgment for divorce on ground of fraud.**

Where the defendant husband wrote a letter to his wife, stating that it looked like the only way for her to get possession of her property was for her to file suit for divorce, and she shortly thereafter filed suit for divorce, held that he could not, being a participant, attack the judgment of divorce on the ground of fraud.

**10. Evidence ☞66—Process ☞1—Defendant, duly served, is presumed cognizant of all subsequent proceedings; "in court."**

A defendant, having been brought regularly into court by process, is in legal contemplation "in court" until the final disposition of the cause, and is presumed to be cognizant of every step taken in its progress.

**11. Divorce ☞165(3)—Amendment of petition not fraud on defendant.**

In an action for divorce, where the defendant husband was duly served, appeared, and filed answer, the action of the trial court in allowing plaintiff to amend the petition so as to amplify the grounds of divorce held no fraud on the husband, who did not appear at the trial.

**12. Divorce ☞167—Evidence insufficient to show that plaintiff in divorce action knew of defendant's insanity at time of filing petition.**

In an action to set aside judgment of divorce, evidence held not to show that plaintiff wife knew of defendant's lunacy at the time he was served with citation and filed his answer; it appearing that he had some days previously been found sane by a judgment of the county court.

**13. Judgment ☞270 — Judgment effective though not formally entered.**

Where the jury in the county court, disposing of the issue as to a party's sanity, found that he was of sound mind, and the judge made entry on the probate docket, the entry had the full force and effect of a formal judgment of record, and it was immaterial that the judgment was not formally entered until later.

**14. Divorce ☞165(3)—Judgment of divorce cannot be set aside on ground that illness of husband was an accident which prevented his appearance.**

In a husband's action to set aside a judgment of divorce rendered in favor of his wife, held that his physical condition was not such an accident as prevented him from being in attendance; it appearing that his failure to attend court was due to his own negligence.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**15. Divorce ⟨key⟩165(3)—Divorce judgment not subject to vacation on ground of mistake.**

Where defendant husband filed an answer in divorce action, and also an application for continuance, but failed to take any further steps to protect his interests, and the motion for continuance was overruled, and judgment in favor of the wife rendered in his absence, *held* that under the circumstances the judgment could not be set aside on the theory of mistake, in that the husband appeared and filed his answer and motion for continuance when his state of health was such that he could not remain at court until expiration of 30 days from the filing of the petition; it appearing that the husband was inexcusably negligent in assuming that his motion for continuance would be granted, etc.

**16. Judgment ⟨key⟩461(1) — Presumption of proof of all facts necessary to support judgment.**

In the absence of fraud, accident, or mistake which would warrant the vacation of a judgment, it will be presumed in support of the judgment that every fact necessary to support the same was proven.

**17. Divorce ⟨key⟩167—Presumption of adjudication on all material issues.**

Where a judgment of divorce, which was attacked in action to set the judgment aside on the ground of fraud recited that matters of fact as well as of law were submitted to and determined by the court, it will be presumed that the court disposed of every issue presented by the pleadings.

Appeal from District Court, Jasper County; J. T. Adams, Judge.

Action by S. L. Wagley against Araminta D. Wagley to set aside and vacate a judgment of divorce in defendant's favor. From a judgment denying the relief sought, plaintiff appeals. Affirmed.

D. M. Short & Sons, of Center, and A. S. McKee, of Jasper, for appellant.

Smith & Lanier, of Jasper, for appellee.

O'QUINN, J. This action was brought by appellant in the district court of Jasper county to vacate and set aside a judgment rendered by said court in cause No. 1874, on the 19th day of December, 1917, wherein Araminta D. Wagley was plaintiff and S. L. Wagley was defendant, granting to Araminta D. Wagley a divorce from the said S. L. Wagley, and adjusting the property rights of said parties.

Appellant sought to set aside said judgment on the grounds of fraud, accident, and mistake. Alleging fraud: (1) In that the averments in appellee's petition in said cause No. 1874 that she had resided in Jasper county for 6 months before the filing of her said suit for divorce was knowingly false, and was made to deceive the court and perpetrate fraud upon its jurisdiction, and also

for the purpose of depriving him (appellant) of a proper hearing in his defense in said cause; and (2) setting up a new cause of action by amending her petition filed on the day of trial, with knowledge that appellant would not be present and could not have the opportunity of disproving the said new allegations; and (3) that said appellee had knowledge that appellant was laboring under the disability of lunacy at the time she filed her said suit against him, and at the time he was served with citation therein, and at the time he filed his original answer. Alleging accident, in that appellant's physical condition was such as to prevent his being present at the time of the trial of said cause No. 1874, and thereby he was deprived of the privilege of testifying upon the trial, or of having depositions taken to be read in the trial. Alleging mistake, in that he, appellant, personally appeared before the said court and filed his answer therein, and at said time filed a motion for a continuance of said cause because of his ill health, and later supported said motion with two certificates of physicians, but which said motion the court at said time declined to consider, but afterwards, when the case was regularly called for trial, did consider and overrule, which said motion he (appellant) thought would be granted. And alleging generally, as relating to each of said contentions, that appellant had no one present to represent him at said trial, and that he was ignorant of the filing of the amended petition, and at the time of said trial was in the state of Illinois under the care of a physician, acting under the belief that said case had been continued.

Appellee answered by special exceptions and general denial. The exceptions were overruled, and the case tried before the court, who, after hearing the testimony, rendered judgment denying appellant the relief sought, and on motion of appellant filed his findings of fact and conclusions of law, to which said judgment and findings appellant excepted, and has appealed to this court.

The evidence disclosed that appellee's original petition in cause No. 1874 was filed November 9, 1917, and citation served on appellant November 12, 1917; that the district court of Jasper county convened on November 26, 1917, and that on that date appellant in person appeared and filed his answer therein, consisting of a sworn plea that appellee had not resided in said Jasper county 6 months next preceding the filing of her said suit, a general demurrer, some special exceptions, general denial, and a special answer; that at the time appellant filed his said answer, he made application for a continuance of the said cause on the ground of ill health and his physical condition, later supporting the application with certificates

of two physicians; that the court declined to consider said application at the time same was presented, stating to applicant that same would be passed upon when the case was regularly called for trial, but that the case could not be called until after 30 days from the date the petition was filed; that the case was called December 18, 1917, and the motion for continuance was, upon objection thereto by appellee, considered and overruled, and appellee was granted leave to amend her petition; that on December 19, 1917, the case came on for trial, appellant being absent, and no one present to represent him, and was regularly tried and judgment rendered, granting the divorce and adjudicating the property rights of the parties. The evidence further disclosed that on February 16, 1916, appellant was by judgment of the county court of Tarrant county, Tex., adjudged to be of unsound mind; that he afterwards filed in said court an application to review and set aside said judgment, and that same was heard on November 3, 1917, and the question of his sanity submitted to a jury, who returned a verdict acquitting him of insanity, and that on said date the judgment therein was duly entered of record in the minutes of said court. It further appeared from the evidence that appellant, the next day after he filed his said answer in said cause No. 1874, left Jasper county and returned to Fort Worth, and from there went to Mineral Wells, and from there to Muskogee, and from there to St. Louis, and from there to Greenville, Ill., arriving there on May 20, 1918, where he was under the treatment of Dr. Poindexter for a few days, and returned to St. Louis on the last day of May, 1918.

It also appears that an order of sale based upon the judgment in cause No. 1874 was issued out of the district court of said Jasper county of January 3, 1918, directed to the sheriff of Briscoe county, Tex., and which he levied on land involved in said cause No. 1874, on January 5, 1918, and that at said time he delivered to appellant a copy of said levy and notice of sale, and also mailed a copy of same to appellant's attorney of record, R. H. Smith of Fort Worth, and that the instant suit was brought to set aside the judgment in said cause No. 1874, on June 11, 1918.

[1-4] The rule is well established that judgment may be set aside by a direct suit brought for that purpose, upon a proper showing of fraud, accident, or mistake. It is also a fixed and rigid rule that such relief will not be granted unless the party seeking same can show that he was prevented from making a valid defense to the action in which the judgment was rendered against him by fraud, accident, or the act of the opposite party unmixed with fault or negligence on his part. Therefore, to entitle appellant to the relief he here seeks, the burden of proof was upon him to show that he was prevented from urging against the judgment of which he complains objections which would or ought to have prevented its rendition, and that this prevention resulted from fraud, accident, or the act of the adverse party, without fault or negligence on his part. Harn v. Phelps, 65 Tex. 597. It is not enough to show that injustice has been done, if it has, or that appellant had a good defense which he was prevented from making on the trial; he must further show that he has not been guilty of inattention, or negligence—he must show a clear case of diligence on his part. Johnson v. Templeton, 60 Tex. 238; Brownson v. Reynolds, 77 Tex. 254, 13 S. W. 986. Judgments may not be set aside simply because erroneous. The right to bring direct proceedings to vacate and set aside a judgment is not intended to be used as a means of review of its own final judgments, or to correct errors into which it may have fallen. That the judgment is erroneous, as a matter of law, is a ground for an appeal or writ of error, but it is not ground for setting aside the judgments. Black on Judgments, vol. 1. § 329.

[5, 6] Appellant's first charge of fraud is that appellee in her petition for divorce alleged that she had resided in Jasper county for 6 months next preceding the filing of her suit, which he says was not true, and was made for the purpose of perpetrating a fraud upon the jurisdiction of the court. Appellant filed his answer in said cause, and distinctly challenged said allegation. Mrs. Wagley testified that her home had been at Jasper for many years; that she married appellant in Jasper county in 1893; that while she had been temporarily away several times, at Fort Worth, in Briscoe county, and in New Mexico, still she had not at any of those places acquired a new residence; had never intended to abandon her home at Jasper, but, to the contrary, had always claimed that as her home; had never had any other home, and that same was her home. This was corroborated by her brother. It also appeared from the record that appellant was away from his wife practically all of the time, and that since 1912 he has continuously resided in the city of St. Louis, his wife the while residing at her home in Jasper, and that she was never in St. Louis. The court who tried the case was the judge of the weight and sufficiency of the testimony, and found the allegations of appellee as to her residence to be true; his finding as reflected in the judgment being as follows:

"This day came the party plaintiff in person and by her attorney, and the defendant having answered herein, but neither he nor his attorney having appeared in court at the trial of this cause, all matters in controversy, as well

of fact as of law, having been submitted to the court, and the evidence and argument of counsel having been heard and fully understood, it is considered by the court that the material allegations in plaintiff's first amended original petition are true, and the court so finds."

The court who tried the instant case, after hearing all the testimony, in his conclusions of law says:

"I conclude as a matter of law that the' district court of Jasper county had jurisdiction to hear and try cause No. 1874, and that Mrs. Araminta D. Wagley was legally a resident of Jasper county for 6 months immediately preceding the time of the filing of her suit for divorce, and that she was a bona fide citizen of the state of Texas for at least 12 months prior thereto."

We think, after a careful inspection of all the testimony in the record, that the evidence amply supports both findings. Fox v. Fox, 179 S. W. 883; McLean v. Randell, 135 S. W. 1116; Haymond v. Haymond, 74 Tex. 414, 12 S. W. 90.

[7, 8] Again, it is generally held that a judgment procured by fraud may be vacated and set aside at the instance of one who himself was not a party to the fraud; however, a well-established limitation to the general rule is that a judgment cannot be vacated for fraud when the particular question of fraud was an issue in the original proceedings. R. C. L. vol. 15, § 156. In divorce cases the fact of residence is made jurisdictional by statute, and must be proved to the satisfaction of the court trying the case—must be found to be true as a matter of fact —and the record discloses that the learned judge who tried cause No. 1874, in question herein, was extra cautious and diligent in ascertaining this fact, inquiring diligently and fully into all the matters alleged in appellee's petition, the record in said matter being set out in the record in the instant case in question and answer form, disclosing sweeping inquiry as to said matters, after which and upon which he rendered his finding that all the material allegations in said petition in said cause were true. Thus it is seen that this particular matter of fraud (residence as necessary to the jurisdiction of the court) was an issue, and adjudicated in said cause No. 1874. R. C. L. vol. 15, § 156.

[9] But we do not believe that appellant can be heard to question the jurisdiction of the district court of Jasper county to try said divorce case. It is a well-settled rule that one who seeks to set aside a judgment on grounds of fraud must not have participated in the fraud. We find in the record a letter written by appellant to appellee, dated October 5, 1917, at Plainview, Tex., addressed to appellee at Jasper, Tex., containing, among other expressions, the following:

"It looks like the only show for you to get relief and get possession of your property is to file a suit for divorce."

The suit was filed on November 9, 1917, and now he is urging fraud in the filing of same. Moor v. Moor, 63 S. W. 347; Guerra v. Guerra, 213 S. W. 360.

[10, 11] Appellant's second charge of fraud is that appellee, in said cause No. 1874, amended her petition, and set up an entirely new cause of action, and that he was not served with notice of said amendment, and that same was fraudulently made with knowledge that appellant would. not be in court to disprove same. Appellant had been legally served with citation in said cause, and had personally appeared and filed his answer therein. A defendant, having been brought regularly into court by process, is, in legal contemplation, in court until the final disposition of the cause, and is presumed to be cognizant of every step taken in its progress. Haynes v. Rice, 33 Tex. 171. The amendment was an amplification of the original grounds, and, besides, we hold that the court who tried the instant case did not err in his conclusion of law, wherein he said:

"I conclude that S. L. Wagley, after having filed his answer in cause No. 1874, both in person and by counsel, had duly entered his appearance in said cause, and was charged with notice of all the proceedings had therein with respect to said cause during the November term, 1917."

In Ballard v. Carmichael, 83 Tex. 359, 18 S. W. 734, Judge Gaines says:

"Our system of pleading permits the utmost liberality of amendment, and it has been too often ruled that the plaintiff may at any time before the trial abandon the old and set up by amendment a new cause of action to require the citation of authority to support the proposition. In such a case, the plaintiff makes himself liable to pay all costs which have been accrued up to the time of the amendment, and if the parties defendant are in court by answer no service of process is required of them; but in all other respects the action proceeds precisely the same as a new suit."

[12, 13] Appellant further charges fraud, in that he says appellee had knowledge at the time she filed her said suit, that appellant was laboring under the disability of lunacy, and that said disability existed at the time he was served with citation in said cause, and at the time he filed his answer therein. The record does not bear him out in this contention. It shows that he filed application in the county court of Tarrant county, Tex., to review and set aside the judgment declaring him of unsound mind, on September 4, 1917; that same was tried by a jury on November 3, 1917, and he was acquitted, and the judgment of acquittal entered of record

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in the minutes of Probate Book 85, page 49, on said date; thus showing that he was not laboring under said disability at either of the times he mentions. Appellant contends that the said verdict was returned, acquitting him of lunacy, on November 3d, but that the judgment was not formally entered of record until November 30th. The record above referred to, as certified by the clerk of said court, shows same was entered of record November 3d, but it also shows that said judgment was not entered in the deed records of Tarrant county until November 30th. But if appellant had been correct in contending that the formal entry of the judgment acquitting him of lunacy had not been entered in the minutes, but consisted merely of the judge's entry on the probate docket, still the contention was not well taken, for such an entry had the full force and effect of a formal judgment entered of record. Mitchell v. Inman, 156 S. W. 293; West v. Keeton, 17 Tex. Civ. App. 139, 42 S. W. 1034.

[14] Appellant insists that the judgment should be set aside, for in that at the time of the trial of cause No. 1874 his physical condition was such an accident as prevented him from being in attendance upon the court, and deprived him of the opportunity of making and presenting his defense. It appears from the testimony of appellant that when he left Jasper on November 27, 1917, where the case was pending, he went to Fort Worth, and from there to Mineral Wells, and from there to Muskogee, and from there to St. Louis, and from there to Greenville, Ill. It does not appear how long he stayed at either of these places, but does appear that he did not get to Greenville, Ill., where he was to be treated for his ailment, until May 20, 1918. It also appears from the sheriff's return on the order of sale heretofore referred to that appellant was, on January 5, 1918, in Briscoe county, Tex., and we think it is to be presumed from the evidence that he had been in Texas all the time from and after he filed his answer in said cause No. 1874, November 26, 1917, until at least January 5, 1918, when he was served with notice of said sale, and in the absence of any evidence to show that he was unable to travel, but to the contrary that he was traveling from place to place during that period until May 20th, when he arrived at Greenville, where he stayed only a few days, getting back to St. Louis on the last day of May, the further presumption should be indulged that he was able to have attended court and to have been at the trial of his said case, and that his absence was not due to accident, but by his negligence. In passing upon this question, the court who tried the instant case, in his conclusions of law says:

"I conclude that defendant therein (cause No. 1874) was negligent in failing to present his

defense or defenses, if any he had, either in person or by counsel to the petition of plaintiff therein."

We think the court did not err in so finding.

[15] But appellant insists that said judgment should be set aside because of mistake, the mistake being that he, appellant, appeared before the court and filed his answer on November 26, 1917, and at said time filed his motion for a continuance of said cause because of his state of health being such that he could not remain at court until the expiration of the 30 days from the filing of appellee's petition, but that the court told him that he would not pass upon the motion until the case was called which would be after the expiration of 30 days from the filing of the petition, and that he (appellant) left and went back to Fort Worth believing that the case would be continued because he thought he had a good motion and good cause for same to be continued, and that he later sent two certificates of physicians to the court, stating his condition, and then paid no further attention to the matter, thinking the case would be continued. According to appellant's own testimony, he had no assurance from the court or any other person that the case would be continued, but simply acted on his own ideas as to the sufficiency of the motion, and the action of the court thereon; took it for granted that the case would be continued. He made no arrangements with any person connected with the court, or otherwise to notify him; testified to no effort to be at court, or to have his attorney there. True, he says that he did not have an attorney, but his answer, which he filed in person, was signed: "R. H. Smith, Attorney for Defendant." Appellant testified:

"I did not have anybody to represent me in that case. I didn't have any money. Bob Smith prepared that answer for me. He is an attorney, and he prepared that answer for me. There was nothing in that petition—no grounds for divorce. He [R. H. Smith] was to take charge of my case and come down here and fight it. He was to take care of my case, and he was to come this time, but a heap of times he can't go."

Also:

"I did not expect him to be here at this time, because the case was continued; I filed an application for a continuance. Penix & Miller, attorneys at Mineral Wells, prepared that application—I did not expect the case to be tried at that term of the court—I expected my attorney to take charge of the case at the next term of court."

On cross-examination he further testified:

"When I left here (Jasper) I went to Fort Worth, and then to Mineral Wells. I got some lawyers at Mineral Wells, Penix & Miller, to write up my application for a continuance. I

230 S.W.—32

stopped off and saw Mr. R. H. Smith when I went back through Fort Worth. I had a case in court there, and he looked after it. I did not ask him anything about preparing a motion for a continuance for me. I sent in the copies of the papers that Penix & Miller fixed up. I stated that I was under the impression that the case was to be continued."

We conclude that if there was any mistake, it grew out of appellant's negligence, and was not produced by the act of the court or any act of appellant's adversary, and that such negligence, under all of the circumstances, was inexcusable, and that there was neither error nor abuse of discretion in the overruling of said motion for a continuance. White v. Powell, 38 Tex. Civ. App. 38, 84 S. W. 836.

[16] The court's findings of fact relating to each of appellant's contentions, namely, fraud, accident, and mistake, were all against appellant, and we think the record abundantly supports his findings. In the absence of fraud, accident, or mistake, such as would warrant the court in setting aside the judgment, a retrial of the issue involved in the original proceeding on the evidence cannot be had. In so far as the sufficiency of the evidence to support the original judgment is concerned, the original judgment is res adjudicata, for it will be presumed as a matter of law that on the trial of the original cause every fact was proved that was necessary to entitle the plaintiff therein to judgment. Merrill v. Roberts, 78 Tex. 28, 14 S. W. 254.

[17] Though appellant did not, on the trial, appear either in person or by attorney, it is not shown that matters put in issue by his answer were not included in those matters of fact and law submitted to and determined by the court. The judgment recites that the defendant answered, and that the matters of fact as well as of law were submitted to and determined by the court, and it is to be presumed that the court performed the duty incumbent on it upon the submission of the cause by considering and disposing of every issue presented by the pleadings so as to render its judgment final and conclusive of the issues. Woolley v. Sullivan, 43 S. W. 921.

The judge who tried the instant case, in his conclusions of law says:

"(5) I conclude as a matter of law that the plaintiff did not commit a fraud on the court for the purpose of establishing jurisdiction of the court in a trial of said cause, nor was the defendant's failure to appear and defend said action due to accident or mistake.

"(6) I conclude that the trial of cause No. 1874 was regular, free from fraud, and the judgment entered therein was warranted by the evidence, and that no good cause is shown why said judgment should be set aside and the cause reopened for another trial, and hence have granted judgment in favor of defendant herein,

refusing the prayer of plaintiff to reopen said cause No. 1874."

We believe these conclusions are correct, and adopt same; therefore, as neither fraud, accident, nor mistake has been shown, the judgment should be affirmed; and it is so ordered.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes