**R. A. TOOMBS SASH & DOOR CO. et al.
v. JAMISON.   (No. 11312.)**

(Court of Civil Appeals of Texas. Fort Worth.
Feb. 14, 1925.)

**1. Injunction ⬉118(1) — Statements in petition for injunction taken most strictly against applicant.**

Statements in petition for injunction are taken most strictly against applicant, and must negative every reasonable inference arising from facts stated from which it might be concluded that under other supposable facts applicant would not be entitled to relief sought.

**2. Judgment ⬉460(6) — Requisites of bill seeking relief from judgment stated.**

A bill seeking relief from a judgment, rendered by court of competent jurisdiction, must show a meritorious defense, and also by direct allegations of fact that complainant was prevented from presenting his defense at time of trial through fraud, accident, or mistake, without fault or neglect on his part.

**3. Judgment ⬉436—Plaintiff seeking to have judgment set aside held not entitled to relief because of lack of diligence.**

Plaintiff, seeking to enjoin enforcement of judgment against him, and to have such judgment set aside on ground of mistake or fraud, *held* not entitled to relief, in that facts on which he bases his petition were available at time of original trial, and no excuse is shown for failure to move to set aside judgment attacked, during term at which it was rendered, thus showing want of diligence.

Appeal from Wichita County Court; C. M. McFarland, Judge.

Action by J. B. Jamison against the R. A. Toombs Sash & Door Company and others, seeking writ of injunction to restrain execution of judgment against plaintiff. From an order granting the writ, defendants appeal. Writ vacated, and cause reversed and remanded for further proceedings.

Bonner, Bonner & Sanford and Fischer & Fischer, all of Wichita Falls, for appellants.

Bullington, Boone & Humphrey, of Wichita Falls, for appellee.

CONNER, C. J. In this action appellee, J. B. Jamison, sought and obtained a temporary writ of injunction to restrain a certain judgment of the county court at law of Wichita county. The petition for the writ was filed by appellee on December 19, 1924. Therein appellee alleged, in substance, that on the 21st day of March, 1923, the R. A. Toombs Sash & Door Company, hereinafter referred to as the sash and door company, had filed suit in said court against Bert Adrian and S. A. Rosser on a certain promissory note in the principal sum of $270.63, signed by said defendants and payable to said sash and door company; that thereafter, on or about September 27, 1923, said defendants Adrian and Rosser answered by way of a general demurrer and a general denial to said cause of action against them, and in addition thereto brought a cross-action against the plaintiff, J. B. Jamison, appellee herein, alleging that said note sued on had been given by Adrian and Rosser to pay for certain material used in the construction of a house belonging to Jamison, and that such materials were purchased by them for said J. B. Jamison and under his authority and for his account, and that he had agreed to pay to Adrian and Rosser, or to the plaintiff sash and door company, the amount charged therefor.

It was further alleged that thereafter on October 22, 1924, the case came on for trial, and after a hearing of the evidence and argument of counsel the court adjudged and decreed that the plaintiff sash and door company recover from the defendants Adrian and Rosser, jointly and severally, the same sum of $394.09, and further that the defendants

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Adrian and Rosser have and recover judgment over and against defendant J. B. Jamison for the sum of $336.93, costs of suit, etc.

We here quote the following from appellee's petition:

"That the mill work and the staircase used in the construction of said house of the plaintiff, J. B. Jamison, was purchased and ordered by them from the Toombs-Sheppard Sash & Door Company, at the instance and request of the plaintiff, J. B. Jamison. That the amount of said purchase was charged to them by the said Toombs-Sheppard Sash & Door Company, or its successor, the R. A. Toombs Sash & Door Company, and that they had been billed for the same and had requested the Toombs-Sheppard Sash & Door Company to present said bills to the plaintiff J. B. Jamison for payment, and that he had failed and refused to pay the same. The said defendants Adrian and Rosser, upon their oath further testified that this material had never been paid for by the said J. B. Jamison and had never been billed against him by themselves or by any other person, but that the said J. B. Jamison had wholly failed to pay the same or any part thereof.

"The said Adrian and Rosser upon their oath further testified that said material purchased by them for the said J. B. Jamison, from the said Sheppard-Toombs Sash & Door Company had not been included on the bill of Moore & Richolt Lumber Co., for the reason that the said Moore & Richolt Lumber Co. did not carry millwork, such as window sashes, and staircase in stock, and that the said J. B. Jamison had not paid for said material by paying his bill to the said Moore & Richolt Lumber Company.

"The said defendants, or one of them, further testified upon the trial of said cause that they had checked the bills of Moore and Richolt Lumber Company against the said J. B. Jamison and had ascertained and determined that the said material alleged by them and testified by them to be covered by said promissory note sued on by the R. A. Toombs Sash & Door Company, successors to the Toombs-Sheppard Sash & Door Company, was not included in any of the bills of Moore & Richolt Lumber Company presented to the said J. B. Jamison and paid for by him.

"The plaintiff would further show to the court that at the time of the trial of said cause he was not in possession, nor had been able to obtain possession, of said bills of the said Moore & Richolt Lumber Company, nor had he been able to make a check of the same with the said defendants Adrian & Rosser or either of them. That in this connection he had often requested the said defendants Adrian and Rosser or either of them to check said bills with him, but that up to and including the date of said trial they, and both of them, had failed and refused so to do. And in this connection the plaintiff further alleges that up to and including the trial of said cause he had made repeated requests of the Moore & Richolt Lumber Company to furnish him a copy of said bills, which they had failed and refused to do, claiming that the said bills could not be located.

"That by reason of the above the plaintiff herein upon the trial of said cause was unable to controvert the sworn testimony of the said Adrian and Rosser that the said material testified by them as being covered by said note as being wholly or in part paid for by the said Jamison through the Moore & Richolt Lumber Company.

"That after the trial of said case, as aforesaid, the plaintiff herein persisted in attempting to locate said bills of the Moore & Richolt Lumber Company, and by chance learned that one of the defendants herein, to wit, Bert Adrian, was in possession of said bills, and after much difficulty has succeeded in obtaining possession of said bills of said defendant Bert Adrian. That an examination of said bills of the Moore & Richolt Lumber Company conclusively shows that the material testified by the defendants to be covered by the note given to the R. A. Toombs Sash & Door Company was in truth and in fact billed to the Moore & Richolt Lumber Company and in turn billed by them to the plaintiff herein, J. B. Jamison, and that said material, with the exception of a small portion of said staircase, has been fully paid for by him. Plaintiff respectfully says in this connection that the testimony upon which this judgment was obtained is therefore shown to be false, and that said judgment has therefore been obtained through mistake or through fraud.

"Plaintiff respectfully prays that by reason of the above the judgment heretofore rendered by said court be set aside and the judgment and case reviewed and that a new trial be granted to the plaintiff herein."

The petition further alleged in substance that the appellants were attempting to enforce the judgment referred to and had levied upon a described tract of land of 560 acres owned by appellee, and he prayed for the temporary writ.

The court granted the prayer for the writ of injunction, requiring of appellee a bond in the sum of $500, which he gave, and the writ issued.

Article 4650, Rev. Statutes, in part declares that:

"If the injunction be applied for to restrain the execution of a money judgment or the collection of a debt, the bond shall be fixed at double the amount of such judgment or debt."

Appellants insist that the failure to comply with this statute of itself requires a setting aside of the order under consideration. But regardless of this question, which we do not find necessary to determine, we think the plaintiff's petition is wholly insufficient to sustain his action.

[1, 2] Appellants present two propositions, both of which are well supported by the authorities. They are as follows:

"(1) The statements in a petition for injunction are to be taken most strictly against the applicant therefor, and must negative every reasonable inference arising out of the facts stated from which it might be concluded that, under other supposable facts connected with the subject, the applicant would not be entitled to the relief sought.

"(2) A bill in equity seeking relief from a judgment rendered by a court of competent jurisdiction must show a meritorious defense to

the suit which resulted in the judgment, and also by direct allegations of fact, and not by mere conclusion of the pleader that the complainant was prevented from presenting his defense to the suit at the time of the trial through fraud, accident, or mistake, without fault or neglect on his part, and, in addition, sufficient equitable excuse for his failure to move for a new trial during the term of court at which the judgment was rendered, or to seek relief from such judgment by appeal to a higher court."

See Collins v. Citizens' State Bank (Tex. Civ. App.) 241 S. W. 633; Gillis v. Rosenheimer, 64 Tex. 243; Wichita County Lumber Co. v. Maer (Tex. Civ. App.) 235 S. W. 990; Republic Supply Co. v. Weaver (Tex. Civ. App.) 235 S. W. 684; Wagley v. Wagley (Tex. Civ. App.) 230 S. W. 493; Abilene Tel. & Tel. Co. v. Williams, 111 Tex. 102, 229 S. W. 847; Melton v. Lewis, 74 Tex. 411, 12 S. W. 93.

In Wagley v. Wagley, 230 S. W. 493, our Court of Civil Appeals had this to say relating to the question under discussion:

"The rule is well established that judgment may be set aside by a direct suit brought for that purpose, upon a proper showing of fraud, accident, or mistake. It is also a fixed and rigid rule that such relief will not be granted unless the party seeking same can show that he was prevented from making a valid defense to the action in which the judgment was rendered against him by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part. Therefore, to entitle appellant to the relief he here seeks, the burden of proof was upon him to show that he was prevented from urging against the judgment of which he complains objections which would or ought to have prevented its rendition, and that this prevention resulted from fraud, accident, or the act of the adverse party, without fault or negligence on his part. Harn v. Phelps, 65 Tex. 597. It is not enough to show that injustice has been done, if it has, or that appellant had a good defense which he was prevented from making on the trial; he must further show that he has not been guilty of inattention, or negligence—he must show a clear case of diligence on his part. Johnson v. Templeton, 60 Tex. 238; Brownson v. Reynolds, 77 Tex. 254, 13 S. W. 986. Judgments may not be set aside simply because erroneous. The right to bring direct proceedings to vacate and set aside a judgment is not intended to be used as a means of review of its own final judgments, or to correct errors into which it may have fallen. That the judgment is erroneous, as a matter of law, is a ground for an appeal or writ of error, but it is not ground for setting aside the judgments. Black on Judgments, vol. 1, § 329."

In 34 Corpus Juris, 490, 491, title "Judgments," it is said:

"With the exceptions hereinafter mentioned, the complainant in a suit of equity for relief against the judgment at law must exonerate himself from blame for the situation in which he finds himself; that is, his bill must contain proper averments to show that the judgment against him was not attributable to his own negligence or fault, and that he has been diligent in seeking to make his defense, and he must set forth the fact which he relies on as showing such diligence. He must also allege sufficient excuse for delay in instituting suit, and for his failure to move for a new trial during the term of the court at which the judgment was rendered, or to seek relief from the judgment by appeal to a higher court."

[3] Tested by the rules indicated in the authorities cited, it seems plain to us that appellee wholly failed to present a case justifying the relief he sought. He does not deny that he was present and participated in the trial of the cross-action of Adrian and Rosser. It set forth the testimony those defendants gave upon that trial; he impliedly heard that testimony; he then knew as well as at the time he filed his petition the fact, if true, that the material for which the note upon which plaintiff in the suit declared had been billed to him by the Moore & Richolt Lumber Company. He alleges that this material had been billed by the sash and door company to the Moore & Richolt Lumber Company, and by the latter company to appellee, and paid for by him. If true, necessarily the facts must have been known to the representatives of these several companies so acting, yet appellee does not allege that he made any effort to secure the testimony of any one connected with either of these companies to prove the facts so alleged. If they were available, and he does not aver that they were not, appellee could have subpoenaed them or taken their testimony by deposition, or, if the witness or witnesses knowing the facts were not available, he could have moved the court for a continuance. This he does not allege he did. Nor does the petition present any excuse whatever for a failure to move to set aside the judgment attacked during the term at which it was rendered. If by the exercise of diligence he could, from the representatives of the sash and door company or from the Moore & Richolt Lumber Company, have ascertained the facts alleged as to the foundation of the relief sought, he should have presented his motion to set aside the judgment during the term, supported by the affidavit of witnesses verifying the truth of his allegations. A failure to so do or to give a reasonable excuse for not having done so shows a want of diligence. As stated in Wagley v. Wagley, supra, the right to bring direct proceedings to vacate and set aside a judgment is not intended to be used as a means of review or to correct errors available by an appeal or writ of error.

Moreover, as the writer at least thinks, the fact, if true, that Moore & Richolt Lumber Company billed the material involved in the cross-action to appellee, and that appellee paid the bill, is not conclusive of the controversy. For ought the petition shows, it might have been so done by mistake. The bill of itself was, not only not conclusive, but not even competent evidence of the facts therein

stated in the absence of testimony to the effect that the bill had been regularly made out for material furnished as specified therein. The material question was whether the Moore & Richolt Lumber Company instead of the sash and door company in fact sold the material in question, and not which company made a mistake in the billing or charge, and this question could only be determined by the testimony of persons who knew the facts and, as already stated, the petition under consideration discloses no effort on the part of appellee to secure the testimony of any representative of the sash and door company or of the Moore & Richolt Lumber Company to contradict the testimony of the defendants Adrian and Rosser in support of their cross-plea to the effect that the material had been furnished by the sash and door company at the instance and request of appellee, and for which the note sued on by that company had been given. The testimony of one of those defendants, as alleged, to the effect that he had examined the bills of Moore & Richolt Lumber Company and that that company had not billed the material in question to appellee, was only collaterally material. It was relevant only as tending to corroborate the evidence of the witness that in fact, at the instance of appellee, the material had been furnished for his benefit by the sash and door company, and that the note sued on by that company had been given therefor.

We conclude that the order for the writ of injunction and the writ issued thereunder should be vacated and set aside and the cause reversed and remanded, for further proceedings not inconsistent with this opinion.