### SAUNDERS v. SAUNDERS. (No. 501.)

Court of Civil Appeals of Texas. Waco. March 31, 1927.

Rehearing Denied April 27, 1927.

**1. Divorce ⊕62(2)—To maintain divorce suit, party must be bona fide inhabitant of state for 12 months, and reside in county 6 months next preceding suit (Rev. St. 1925, art. 4631).**

By the express terms of Rev. St. 1925, art. 4631, in order to maintain a divorce suit, a party must have been an actual bona fide inhabitant of the state for 12 months, and must have resided in the county where the suit is filed for 6 months next preceding the filing thereof.

**2. Divorce ⊕108—Petition must allege, and plaintiff must prove, residential requirements in divorce suit (Rev. St. 1925, art. 4631).**

Under Rev. St. 1925, art. 4631, providing that to maintain a divorce suit a party must have been an actual bona fide inhabitant of the state for 12 months, and must have resided in the county where the suit is filed for 6 months next preceding the filing thereof, petition for divorce must allege, and plaintiff must prove, the facts required by such statute.

**3. Judgment ⊕363, 375—To set aside judgment after term at which rendered, party must show fraud, accident, or mistake preventing valid defense.**

Party must show that judgment was obtained by fraud, accident, or mistake, and that he was prevented from making a valid defense by reason thereof in order to set aside a judgment after the expiration of the term of court at which it was rendered.

**4. Judgment ⊕377—Judgment cannot be vacated for fraud, when matter alleged as fraud was an issue in original proceeding.**

Where matter alleged as fraud was an issue in the original proceeding, judgment cannot be vacated because thereof.

**5. Appeal and error ⊕931(1)—Finding that plaintiff in divorce suit resided in county for required time is presumed based on sufficient testimony (Rev. St. 1925, art. 4631).**

Appellate court will presume that trial court had sufficient testimony before it on which to base its finding that plaintiff in suit for divorce had resided in county for 6 months next preceding the filing of the suit, as required by Rev. St. 1925, art. 4631.

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit to set aside a judgment granting a divorce brought by J. E. Saunders against Mattie J. Saunders. From an adverse judgment, plaintiff appeals. Affirmed.

Pat M. Neff and Jos. W. Hale, both of Waco, for appellant.

S. J. T. Smith, of Waco, for appellee.

BARCUS, J. In April, 1922, appellee was granted a divorce from appellant in the Nineteenth district court of McLennan county. In the early part of 1926, the exact date not being shown by the record, appellant filed this suit to set aside the judgment rendered in the divorce case. The only reason he alleged for having the divorce judgment set aside was that appellee, at the time the divorce suit was filed, had not resided in McLennan county, where the suit was filed, for 6 months next preceding the time same was filed, as is required by article 4631 of the Revised Statutes. Appellant in the divorce case was cited by personal citation to appear and answer, but did not file any answer. This cause was tried to the court, and it refused to set the divorce judgment aside.

Appellant's contention is that the judgment granting the divorce is absolutely void, because, he contends, the evidence is undisputed that, at the time appellee filed her suit for divorce, she had not resided in McLennan county for 6 months next preceding the filing of the same. The record shows that appellant and appellee were married in Waco in about 1901, and lived together as man and wife until about April, 1921, in Erath county, Tex., at which time appellee, by reason of cruel treatment, left her husband and came to Waco, where she had lived prior to her marriage, and where one of her sisters was living. She testified that at the time she came to Waco in April, 1921, she came with the intention of making Waco her permanent home. The record shows that she remained in Waco only a short time, and, because of the delicate condition of her health, she was unable to obtain employment, and she went to Bosque county to do some practical nursing, and then to her sister's in Kaufman county, where she gave birth to a child, and where she was, on account of a smallpox epidemic, quarantined for 91 days. As soon as the quarantine was lifted, she returned to Waco, and a few weeks thereafter filed the suit for divorce. She testified that at all times after she left her husband in April, 1921, she claimed Waco as her home. She testified that when her divorce was granted she stated fully to the court all the facts with reference to where she had been staying and with reference to her intentions and her residence since leaving her husband. The record is silent as to whether on the divorce hearing any testimony except that of appellee was heard by the court.

[1-4] It is well settled, both by statute and decisions, that, in order for a party to maintain a divorce suit, he must have been an actual bona fide inhabitant of Texas for a period of 12 months, and must have resided in the county where the suit is filed for 6 months next preceding the filing thereof. Article 4631, Revised Statutes; Dickinson v. Dickinson (Tex. Civ. App.) 138 S. W. 205. It is necessary in a divorce proceeding for the petition to contain the allegations, and for the plaintiff to prove, that he has been a bona fide inhabitant of the state for 12 months, and a resident in the county where the suit is filed for 6 months next preceding the filing thereof. Wagley v. Wagley (Tex. Civ. App.) 230 S. W. 493. The rule seems to be well settled that, before a judgment can be set aside after the expiration of the term of court at which it was rendered, it must appear that it was obtained either by fraud, accident, or mistake, and that the party seeking to have it set aside was prevented from making a valid defense in said cause by reason of such fraud, accident, or mistake. Wagley v. Wagley, supra; R. A. Toombs Sash & Door Co. v. Jamison (Tex. Civ. App.) 271 S. W. 253; Home Benefit Ass'n v. Boswell (Tex. Civ. App.) 268 S. W. 979. Appellant's only charge of fraud in the rendition of the divorce judgment is that appellee had not resided in McLennan county for 6 months preceding the filing of her petition for divorce. The record shows that appellant knew a few weeks after the divorce that the same had been granted, and he took no action with reference to same for nearly 4 years. The rule seems to be established that a judgment cannot be vacated for fraud when the particular question of fraud was an issue in the original proceeding. Wagley v. Wagley, supra; 15 R. C. L. 704. Almost the identical question involved here was involved in the Wagley v. Wagley Case, and the court used this language:

"In divorce cases, the fact of residence is made jurisdictional by statute, and must be proved to the satisfaction of the court trying the case—must be found to be true as a matter of fact. * * * Thus it is seen that this particular matter of fraud (residence as necessary to the jurisdiction of the court) was an issue, and adjudicated in said cause No. 1874."

[5] The trial court in the original cause, based on the entire testimony offered before him at the time, necessarily found as a matter of fact that appellee had resided in McLennan county for the 6 months next preceding the time she filed her suit for divorce, and it should be, we think, presumed that the trial court had sufficient testimony on which to base said finding. De Arment v. De Arment (Tex. Civ. App.) 249 S. W. 1088; King v. King (Tex. Civ. App.) 279 S. W. 899. There was no evidence that the trial court

which granted the divorce had any fraud perpetrated upon it, or that there was any false testimony offered in the trial of the divorce case. To the contrary, it appears the trial court, when it granted the divorce decree, was fully advised with reference to the residence of the plaintiff.

The judgment of the trial court is affirmed.